## 55214. WHITESIDE v. DOUGLAS COUNTY BANK et al.

BIRDSONG, Judge.

This is a suit on a promissory note. Appellant signed as guaranty on a note from W. C. Galloway to Douglas County Bank. Default occurred and suit was filed against W. C. Galloway and Cecil Whiteside (guaranty was signed as Cecil Whiteside; however, appellant Cecil Whiteside, Jr. admitted he signed the guaranty of payment).

Appellant as a defense alleged that appellee failed to obtain the signature of Bertie Galloway, and failed to obtain titles to automobiles which were to be security for appellant's guaranty. Both parties filed motions for summary judgment. The trial court granted appellee's motion and denied appellant's.

Appellant contends that the trial court erred in granting summary judgment prior to considering appellant's motion to compel discovery, that there were genuine issues of fact to be decided by a jury and that affidavits attached to appellee's motion were insufficient. *Held:*

1. The trial court did not err in granting summary judgment prior to considering appellant's motion to compel discovery. Although appellant desired to depose one Richard Herman, Herman was not an employee of the appellee as evidenced by his affidavit dated October 29, 1976, and it was not the duty of the appellee to have Herman present for deposition.

Appellant contends he was not able to examine certain original documents; however, the record discloses that on March 22, 1977, at the office of counsel for appellee, appellant's counsel was told that the original documents were ready for his inspection.

2. The trial court did not commit error in granting summary judgment for the appellee.

A promissory note is an unconditional contract of the maker (appellant) to pay the holder (appellee) according to the tenor of the instrument. Code Ann. § 109A-3—413 (1). The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note. *Cole v. Bank of Bowersville,* 31 Ga. App. 435 (2) (120 SE 790); *Cairo Banking Co. v. Hall,* 42 Ga. App. 785 (3) (157 SE 346); *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (218 SE2d 677).

The affidavits of M. Randy Harvey and Richard A. Herman attached to appellee's motion for summary judgment satisfied the requirements of Code Ann. § 81A-156 (a). *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 28, 1978 — CERT. APPLIED FOR.

*Green & Butler, William B. Cherry, Jr., Larry K. Butler,* for appellant.

*Hansell, Post, Brandon & Dorsey, J. Allen Maines, Dollar & Dettmering, James R. Dollar, Thomas I. Kent, Jr., W. O'Neal Dettmering, Jr.,* for appellees.

W. C. Galloway, *pro se.*