## 61568. ADAMSON v. FAIRCLOTH.

QUILLIAN, Chief Judge.

The plaintiff brought an action seeking to recover the unpaid balance owed under the terms of a promissory note executed by the defendant. The defendant appeals the grant of a summary judgment in favor of the plaintiff. *Held:*

The note in question reads: "I, L. M. Adamson [defendant] will pay to Gene A. Faircloth [plaintiff] $1,000.00 per month starting September 1st 1977 for 20 months. This note is payable as Mr. Robert Butt and Mr. Thomas MacDonald pays [sic] L. M. Adamson on

another promissory note of $142,370.36 starting September 1st 1977. This amounts to a total of $20,000.00 to be paid to Gene Faircloth for bonuses from the sale of Chattahoochee Plantation Club. L. M. Adamson reserves the right to pay this debt in advance or as herein stipulated."

The defendant contends that under the terms of the arrangement between him and Mr. Butt and MacDonald he was to receive $5000 a month and based upon this he would then pay the plaintiff $1000 per month; that this payment to plaintiff constituted 20% or 1/5 of the amount he was receiving. He therefore argues that he is obligated under the note in the case sub judice to pay 20% of the total sum he had received which would only amount to about $4000 (based on $20,000 received from the other note) and he had paid that amount.

It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. *Hyman v. Horwitz,* 148 Ga. App. 647, 649 (1) (252 SE2d 74); *Lee v. Garland,* 208 Ga. 251 (66 SE2d 223). In *Whiteside v. Douglas County Bank,* 145 Ga. App. 775, 776 (245 SE2d 2), we held: ". . . The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note. . . ."

The promissory note does mention the other indebtedness. However, there is no language which can be construed as permitting the imposition of a formula by which payments on the note are to be a certain percentage of the payments made on the other note. Proof of such would constitute an impermissible attempt to vary the terms of the note sued upon. See *Cobb Bank &c. Co. v. Henry,* 246 Ga. 225, 227 (271 SE2d 444).

The trial judge did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1981 —
REHEARING DENIED APRIL 30, 1981.

*Sherman C. Fraser,* for appellant.
*Richard Freeman,* for appellee.