**66136. MARCHMAN OIL & CHEMICAL COMPANY, INC. et al. v. SOUTHERN PETROLEUM TRADING COMPANY, LTD.**

SOGNIER, Judge.

This is a suit on a note brought by Southern Petroleum Trading Company, Ltd. (Southern), against appellants Wade and Marjorie Marchman, both as individuals and as officers in appellant Marchman Oil and Chemical Company, Inc. The trial court granted Southern's motion for summary judgment against Marchman Oil and the Marchmans.

1. Appellants contend on appeal that the trial court erred by granting summary judgment because a question of fact remains as to their defense of fraud. The corporate and individual appellants allege that at the time the note was signed there was an oral agreement between the parties that the amount of the debt represented by the note was not correct and that the note would not be enforced except as to future debts against the Marchmans, who had signed the note individually as well as in their corporate capacity.

Southern's evidence established that the signatures on the promissory note were genuine, that payments had been made on the note and that the note was in default. Appellants' claim of fraud rests solely upon the alleged oral agreement; Southern denied making such an agreement. It is a well established rule that in the absence of fraud, accident or mistake, parol evidence cannot be considered to alter or vary the terms of a promissory note. *Motz v. National Bank of Ga.,* 156 Ga. App. 871, 872 (275 SE2d 809) (1981). Further, the only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any disability, is that fraud which prevents him from reading what he signed. *Wall v. Federal Land Bank,* 156 Ga. App. 368, 372 (274 SE2d 753) (1980). Appellants' bare assertion that the amount of the debt was incorrect, unaccompanied by any proof that they were prevented by Southern from reading what they signed, does not present a material fact upon which a genuine issue of fraud can be raised.

Equally without merit is the individual appellants' claim of fraud as to the enforcement of future payments against them. Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494, 495 (241 SE2d 253) (1978). Because the individual appellants'

claim of fraud was based solely upon statements allegedly made about future payments, no genuine issue as to any material fact has been raised. Southern was thereby entitled to judgment as a matter of law. OCGA § 9-11-56 (c) (Code Ann. § 81A-156).

2. The corporate and individual appellants also contend that issues of fact remain as to their defenses that the transaction lacked present consideration. "[N]o consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." OCGA § 11-3-408 (Code Ann. §109A-3—408); *J. M. Tull Industries v. Reed,* 160 Ga. App. 89, 90 (286 SE2d 325) (1981). Because the promissory note here was executed by Marchman Oil in security of an antecedent open account, there is no issue of fact as to the existence of present consideration. The Marchmans' claim that there was no consideration to bind them as individuals signing the note is without merit. Both individual appellants are stockholders in the corporation; Marjorie Marchman is the president and Wade Marchman the vice president of the corporation. Sufficient consideration is evident when one who is an officer or stockholder of a corporation cosigns a note of the corporation since the benefits of the note will be conferred at least indirectly upon the individual. *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 609 (224 SE2d 442) (1976).

Since there was no genuine issue as to any material fact, the trial court did not err in granting summary judgment to Southern as a matter of law. OCGA § 9-11-56 (c) (Code Ann. § 81A-156).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Jerry M. Daniel,* for appellants.
*Roy D. Tritt,* for appellee.