70610. BENTLEY v. NATIONAL BANK OF WALTON COUNTY.
(334 SE2d 331)

Deen, Presiding Judge.

Johnny Dean Bentley appeals from the award of summary judgment to appellee National Bank of Walton County ("bank") in an action involving seven promissory notes executed by appellant, both individually and as a corporate officer, in favor of appellee and secured by inventory, equipment, and real property. The principal amount of the loans totaled approximately $199,000; with interest, the amount owing at the time the bank instituted the action below totaled more than $208,000.

In exchange for a promissory note for $69,000, appellant acquired from the bank the assets of a defunct business, Econ-O-Rect, and proceeded to operate under two names: 21st Century Builders, Inc., and J. D. Bentley Construction. The bank made further loans to appellant for the purchase of land and construction of houses. Some of the notes were allegedly executed in blank, with the sums filled in as the moneys were actually advanced. Approximately two months before the due dates of the notes, the bank declared the loans in default under the terms of the notes and, after proper notice, filed suit to collect principal and interest owing, plus attorney fees. Appellant answered and counterclaimed, alleging, *inter alia*, fraud in the inducement (i.e., that the bank officer had represented that an open line of credit would be extended and the notes would not be foreclosed upon), frustration of purpose, and wrongful dishonor of checks. Appellee filed a supplemental pleading alleging actual failure to pay the notes on or before maturity and thereafter filed a motion for summary judgment, supported by exhibits and affidavits. The trial court granted the motion, and on appeal Bentley enumerates this judgment as error on the ground that there exist genuine issues of material fact with regard to fraud in the inducement, wrongful dishonor, bad faith, and failure to mitigate damages. *Held*:

1. Although we cannot say that appellant, in his own mind at least, did not have or could not have had some understanding supplemental to, or otherwise different from, the express terms of the prom-

issory notes, it is nevertheless clear that, under established principles of law, the parol evidence rule precludes any attempt on appellant's part to vary the terms of the written agreements. It is undisputed that the notes contain all the elements required by statute. OCGA § 11-3-104 et seq. "A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. [Cits.] In the absence of fraud, accident or mistake an unconditional promissory note cannot be changed into a conditional obligation by parol evidence." *Dolanson Co. v. C & S Nat. Bank*, 242 Ga. 681, 683 (251 SE2d 274) (1978). "It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. [Cits.] In *Whiteside v. Douglas County Bank*, 145 Ga. App. 775, 776 (245 SE2d 2) [1978], we held: '. . . The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note.' " *Adamson v. Faircloth*, 158 Ga. App. 401, 402 (280 SE2d 376) (1981).

In the instant case there is no allegation of mistake or accident, and appellant has adduced no competent evidence to support his bare allegations that the bank acted fraudulently or in bad faith either in inducing the signing of the promissory notes or in deciding to declare a default. Appellant's allegation that bank officers made certain representations is categorically denied by appellees, and the denial is supported by affidavits. Appellant does not allege that he was prevented from reading the notes before signing them — only that there was a contemporaneous agreement not to enforce them according to their terms. Moreover, "[f]raud cannot be predicated upon statements which are promissory in their nature as to future acts." *Marchman Oil &c. Co. v. Southern Petroleum Trading Co.*, 167 Ga. App. 691 (307 SE2d 509) (1983); accord *First Nat. Bank &c. Co., Macon v. Thompson*, 240 Ga. 494 (241 SE2d 253) (1978). Because appellant's primary defense, as well as his counterclaim, is bottomed upon an alleged contemporaneous oral agreement, testimony concerning such agreement is not admissible. These enumerations are therefore without merit.

2. Our scrutiny of the record of the instant case reveals that appellant (defendant below) has failed to raise a legally sufficient defense to appellee/plaintiff's allegations and, furthermore, that appellant has failed to make out a *prima facie* case on his counterclaim. Each of the seven promissory notes contains an unconditional promise to pay and sets out the terms explicitly. Each of the seven ex-

pressly authorizes the bank to accelerate the indebtedness if the bank believes, in good faith, that the debtor's capacity to pay the debt when due has been impaired, as provided in OCGA Title 11. Appellant has admitted that he made no payment of either principal or interest on any of the notes (except for a single $10,000 payment made as an inducement to the bank to renew the notes), and that he had acknowledged to bank officers that he would be unable to pay the amounts owing on the notes on the due date.

Moreover, appellant has failed to produce admissible evidence to support his assertion that the bank had wrongfully dishonored certain checks for reasons other than insufficient funds (e.g., the bald assertion that, according to hearsay, one check had been dishonored because it was cashed at a liquor store). Thus either as a defense to appellant's motion for summary judgment or as a counterclaim, this argument is legally insufficient. OCGA § 9-11-56 (e) provides as follows: "When a motion for summary judgment is made and supported as provided in this Code section [i.e., with affidavits based on personal knowledge and/or depositions and answers to interrogatories], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Appellant has acknowledged in his deposition testimony that he is a poor recordkeeper and that his information regarding the operation of the business was gleaned solely from the representations of his partner, who not only supervised the construction work and related transactions, but also wrote all the checks and kept the "log" which was apparently the primary — if not sole — record of, and control upon, the conduct of the business. Appellant's testimony on these crucial matters was therefore, at best, hearsay and thus insufficient to carry his evidentiary burden either as counterclaimant or as defendant to a motion for summary judgment. OCGA § 9-11-56 (e), supra.

The record does not persuade us that the court below erred in awarding summary judgment to appellee and in dismissing appellant's counterclaim.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*Charles E. Day*, for appellant.
*William Lee Preston, Toby B. Prodgers*, for appellee.