A92A0892. DEVIN LAMPLIGHTER, LTD. et al. v. AMERICAN GENERAL FINANCE, INC.
(426 SE2d 645)

JOHNSON, Judge.

American General Finance, Inc. ("American General") brought this action against Devin Lamplighter, Ltd. and its general partners ("the defendants") seeking recovery on a promissory note secured by a deed to secure debt. The parties filed cross-motions for summary judgment. The trial court granted American General's motion, and denied the defendants' motion. We affirm.

The pertinent facts are not in dispute. The defendants executed a promissory note in favor of American General. The note, which we will refer to as the "third note" for clarity, was secured by a deed to secure debt. The property given as security for the third note was also encumbered by two superior liens, a first in priority deed to secure debt in favor of Federal Home Loan Mortgage Corporation and a second in priority deed to secure debt in favor of Southern Diversified Properties, Inc. Southern subsequently assigned its note and security deed to American General. This left American General in the second priority position, holding both the second and third mortgages on the subject property.

Acting under the power of sale provision of the second in priority deed to secure debt obtained by the assignment from Southern, in May 1990, American General foreclosed on the property secured by the two deeds to secure debt and purchased the property back at the foreclosure sale. It applied the proceeds from the sale to the indebtedness secured by the second in priority security deed. It never confirmed this foreclosure sale as contemplated by OCGA § 44-14-161. Six months following this foreclosure, the holder of the first in priority security deed foreclosed on the subject property, effectively eliminating any interest of American General in the property. Subsequently, American General brought the instant action against the defendants seeking to collect on the third note and summary judgment was granted in its favor.

1. The defendants contend that American General's suit against them was a deficiency action which was barred because American General failed to have the foreclosure sale confirmed, and, therefore, that the trial court erred both in granting American's motion for summary judgment and in denying their motion for summary judgment.

Citing *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (395 SE2d 666) (1990), the defendants argue that a lender who holds two notes se-

cured by the same property and forecloses on one note without confirming the foreclosure sale pursuant to OCGA § 44-14-161 is barred from suing on the other note because such a suit constitutes the pursuit of a deficiency judgment which cannot be obtained absent judicial confirmation. However, *C. K. C., Inc. v. Free* is distinguishable. In that case, there was but *one* purchase money debt, evidenced by *two* separate notes and secured by *one* security deed. Under those circumstances, it is clear that foreclosure under the *one* security deed would encompass the *one* debt, notwithstanding that that one debt had been evidenced by *two* separate notes.

In the instant case, there are *two* separate debts, evidenced by *two* separate notes and secured by *two* separate security deeds. Until American General purchased the second mortgage from Southern, there were *two* creditors. Thus, American General was owed not only the debt secured by the third security deed, but, by assignment, was also owed the debt secured by the second security deed. The defendants were in default on both notes which evidenced the two separate debts. American General foreclosed only under the second security deed and failed to obtain confirmation. In failing to obtain confirmation, American General is now barred from seeking a deficiency judgment as to the debt that had been secured by the second security deed. However, American General's actions and inactions with regard to foreclosure under the second security deed merely had the effect of rendering the debt that had been secured under the third security deed an unsecured obligation. Failure to confirm foreclosure under the second security deed did not bar American General from suing the defendants on that independent, separate, unsecured obligation. *Clements v. Fleet Finance*, 206 Ga. App. 736 (426 SE2d 910) (1992). Accordingly, it is not *C. K. C., Inc.*, supra, but *Clements v. Fleet Finance*, supra, that is controlling.

Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue of material fact. *Minor v. E. F. Hutton & Co.*, 200 Ga. App. 645, 647 (409 SE2d 262) (1991). We conclude that the trial court was correct in granting summary judgment to American General and in denying summary judgment to the defendants.

2. The defendants further contend that American General was estopped from pursuing judgment against them because American General fraudulently induced them to execute the note upon which American General brought suit. The defendants assert that the inducement occurred when American General's branch manager told one of the defendants, *prior* to making the loan, that if American General ever foreclosed on the property it would not bring suit against the defendants unless it confirmed the sale and established a deficiency. We have previously held that "(f)raud cannot be predi-

cated upon statements which are promissory in their nature as to future acts. [Cit.]" *Marchman Oil &c. Co. v. Southern Petroleum Trading Co.*, 167 Ga. App. 691 (307 SE2d 509) (1983). Therefore, even if such a promise was made, it would not give rise to a defense of fraudulent inducement. Furthermore, it is clear that even if such a promise was made it applied to the third note, rather than the subsequently acquired note.

" 'A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. (Cits.) In the absence of fraud . . . an unconditional promissory note cannot be changed into a conditional obligation by parol evidence.' [Cit.] 'It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. (Cits.) In *Whiteside v. Douglas County Bank*, 145 Ga. App. 775, 776 (245 SE2d 2) (1978), we held: "The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note." ' [Cit.]" *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 733 (1) (334 SE2d 331) (1985). The subject note constituted an unconditional promise to pay. Therefore, the parol evidence rule (OCGA § 24-6-2) applies to prohibit the defendants from proving American General's branch manager's alleged oral promise which, if proven, would clearly contradict the terms of the note requiring payment. The defendants have presented no competent evidence of bad faith on the part of American General which would serve to take the note out of the ambit of the parol evidence rule. We therefore find this enumeration to be without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Schreeder, Wheeler & Flint, John A. Christy, J. Christopher Desmond*, for appellants.

*Prior & Buser, Thomas E. Prior, O. Byron Meredith III, Charles G. Barger, Jr.*, for appellee.