## A97A1498. BRASWELL v. BANK OF EARLY.
(494 SE2d 277)

Smith, Judge.

The Bank of Early brought suit against Jerry D. Braswell on a promissory note. In Braswell's answer, he alleged that the suit was in

reality a deficiency action. He maintained that because the note was secured by property that the bank repossessed and sold without accounting to him for the proceeds or otherwise complying with applicable law, the bank was precluded from recovering a deficiency balance. The trial court granted the bank's motion for summary judgment. We agree with the trial court that the evidence of record established that Braswell, and not the bank, sold the collateral. Braswell's allegations regarding the sale are therefore irrelevant, and we affirm the trial court's grant of summary judgment to the bank.

The record shows that Braswell was a shareholder and employee of a corporation that owned a radio station in Blakely. The loan at issue, which was made to Braswell personally in 1991, was for the purchase of a replacement transmitter for the radio station. Braswell admitted signing the note and a security agreement, giving as security certain shares of stock in a Florida broadcasting corporation and the transmitter and related equipment. In 1992, some of the equipment was destroyed in a fire, preventing the radio station from broadcasting. The transmitter was at a separate location and was not destroyed, but after the fire, the radio station ceased operations and the corporate owner initiated bankruptcy proceedings. Braswell admitted he defaulted on the note. He testified on his deposition that he "understood" that when he failed to make payments on the note, the transmitter belonged to the bank. But he also admitted that he signed a bill of sale for the transmitter. In an affidavit presented in support of the bank's motion for summary judgment, the purchaser stated that the transmitter was purchased from Braswell.

Braswell's seven enumerations of error are essentially all challenges to the trial court's grant of summary judgment to the bank on the ground that a fact issue remains as to whether Braswell sold the transmitter, as the bank alleged, or whether it was sold by the bank, as alleged by Braswell. We agree with the trial court that no issue of fact remains. The evidence of record is conclusive as to this issue, and it shows that Braswell sold the transmitter.

In an affidavit submitted in opposition to the bank's motion for summary judgment, Braswell stated that he moved out of the county after the fire, and the transmitter was "in the control of the bank." He argues on appeal that he signed the bill of sale merely as an "accommodation" to the bank and for the benefit of the purchaser, to clear up any "confusion" as to title to the transmitter. But the bill of sale is clear; it shows that Braswell sold the transmitter. And Braswell's explanations, by affidavit or otherwise, constitute "parol contemporaneous evidence," which "is generally inadmissible to contradict or vary the terms of a valid written instrument." OCGA § 24-6-1.

This Court was presented with a similar fact situation and an almost identical argument in *Ambase Intl. Corp. v. Bank South*, 196

Ga. App. 336 (395 SE2d 904) (1990). We held in *Ambase* that written agreements for the auction and sale of collateral clearly showed that the debtor was the seller, rendering irrelevant the debtor's allegations that the sale by the creditor was commercially unreasonable. Id. at 337-338 (1). Here, as in *Ambase*, appellant's attempt to show that the bank was the seller of the collateral directly contradicts the terms of an unambiguous written document — the bill of sale — and this evidence was therefore inadmissible. Id. Because the unambiguous writing shows that Braswell was the seller, his allegation that the sale was commercially unreasonable is similarly irrelevant.

To prevail on summary judgment, the bank was required to demonstrate that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). Once the movant makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the respondent to come forward with evidence preventing the grant of judgment. Id. In the case of a suit on a note, "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."[1] (Citation and punctuation omitted.) *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989). Braswell's admission that he executed the note and that he defaulted therefore established the bank's prima facie case. Braswell's parol contemporaneous evidence was inadmissible to vary the terms of the bill of sale, and Braswell therefore failed to establish a defense. The trial court did not err in granting summary judgment to the bank.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 18, 1997.

*Walter E. Baker*, for appellant.
*William H. Mills, Robert R. McLendon IV*, for appellee.

---

[1] Portions of the Commercial Code were substantially revised in 1996. The applicable substance of the statute relied upon in *Jay Gleason Advertising Svc.*, former OCGA § 11-3-307 (2), remains unchanged, and is embodied in OCGA § 11-3-308 (b).