A97A1693. McLEMORE et al. v. SOUTHWEST GEORGIA FARM CREDIT, ACA.
(495 SE2d 335)

SMITH, Judge.

Southwest Georgia Farm Credit, ACA brought suit against Bill and Cindy McLemore on a note. The McLemores answered, raising several defenses, including fraud and misrepresentation. The trial court granted Farm Credit's motion for summary judgment and the McLemores appeal. We agree with Farm Credit that no genuine issues of material fact remain for jury resolution, and we therefore affirm the judgment.

The record shows that in January 1994 the McLemores borrowed $277,900 from Farm Credit to purchase farm property in Marion County, signing a promissory note and pledging as security both the farm property and their residence in Columbus. The note called for an interest-only payment on July 1, 1994 and semi-annual payments of principal and interest on January 1 and July 1 of each year thereafter. The security deed required the McLemores to purchase and retain insurance coverage on the farm acreage and buildings, naming Farm Credit as loss payee.

In May 1995, the McLemores' insurance coverage for the farm property lapsed. In October 1995, the McLemores contracted with a third party to sell the farm property for the outstanding balance on the loan. When Farm Credit learned in November 1995 that the McLemores had allowed the insurance policy covering the farm to lapse, Farm Credit purchased and paid for replacement coverage. The McLemores did not make the January 1, 1996 semi-annual payment, and Farm Credit accelerated the note.

Several of the farm buildings were damaged extensively by a storm in March 1996. Farm Credit made a claim under the policy it had purchased. The insurance proceeds checks were made out to both Farm Credit and Bill McLemore as payees, and McLemore endorsed the checks. Farm Credit applied these proceeds to the delinquent loan. Farm Credit then sought the balance of the indebtedness from the McLemores. When it was not paid, Farm Credit brought this suit, seeking the remainder of the principal, interest, and attorney fees as permitted by the note.

1. The McLemores contend the trial court erred in entering summary judgment against them because genuine issues of material fact remained regarding whether Farm Credit made material misrepresentations that prevented them from paying off their debt by selling the farm. They argue that the security deed gave them the right to elect to apply insurance proceeds to repairs of covered structures and that Farm Credit represented to Bill McLemore that the insurance proceeds would be applied to such repairs in order to obtain McLemore's endorsement on the checks, even though Farm Credit had no intention of allowing the proceeds to be used for that purpose.

We note initially the security deed's provision that insurance proceeds may be used for reconstruction of destroyed or damaged covered property at the option of the insured "[s]ubject to the rules and regulations of lender." Farm Credit's written rules and regulations provide that it may elect to turn insurance proceeds over to the insured, use proceeds to pay down or satisfy the loan, advance the proceeds as repairs or construction are completed, or any combination thereof.

The record shows, and the parties agree, that William M. Wills, principal loan officer for Farm Credit, took the checks on July 3, 1996, to Bill McLemore's place of business in Columbus to obtain McLemore's endorsement. The parties disagree, however, as to whether Wills told McLemore that the proceeds would be made available to repair the farm structures. Wills stated in an affidavit submitted in support of Farm Credit's motion for summary judgment that no such representations were made; in fact, shortly before receiving the checks representing the insurance policy proceeds, he wrote to the McLemores and informed them specifically that the pro-

ceeds would be applied to their delinquent loans. A copy of that letter was attached to the motion for summary judgment. Wills also stated in his affidavit that he told Bill McLemore again when he took the checks to Columbus for endorsement that the proceeds would be applied to the loan, and that he provided the McLemores with documentation after the fact that this had been done.

In opposition to the motion for summary judgment, the McLemores submitted their own affidavits, in which they stated they never received either the letter informing them that the proceeds would be applied to the loan or the documentation showing that the proceeds had been applied to the loan. Bill McLemore also stated in his affidavit that before he agreed to endorse the checks on July 3, 1996, he asked Wills specifically whether the proceeds would be made available for repairs to the farm buildings and that Wills replied " 'that will be no problem.' " McLemore stated that because he knew that the proposed sale of the farm property was contingent upon repairing the damaged buildings, he endorsed the checks only after receiving Wills's express assurance that the insurance proceeds could be used for repairs. McLemore insisted that the first notice he received that Farm Credit had applied the insurance proceeds to his loan was from his attorney in late July 1996, when the attorney told him he had talked with Wills and had learned about Farm Credit's application of the insurance proceeds to the loan. It is apparent, therefore, that a factual dispute exists regarding whether Wills made the representation.

But this dispute is not material. The McLemores admitted they borrowed the money, signed the note, and defaulted. This established a prima facie case for Farm Credit. *Phillips v. Plymale*, 191 Ga. App. 338, 340 (1) (381 SE2d 580) (1989). Having established this, Farm Credit was entitled to judgment unless the McLemores established a valid defense. *Commonwealth Land Title Ins. Co. v. Miller*, 195 Ga. App. 830, 833 (395 SE2d 243) (1990). The McLemores' contentions regarding Wills's representations do not establish such a defense. Their allegations rest upon alleged oral representations. "It is a well established rule that in the absence of fraud, accident or mistake, parol evidence cannot be considered to alter or vary the terms of a promissory note. [Cit.]" *Marchman Oil &c. Co. v. Southern Petroleum Trading Co.*, 167 Ga. App. 691 (1) (307 SE2d 509) (1983). The McLemores' obligation to pay, evidenced by the note, was unconditional. Unless they showed a valid defense to this unconditional obligation, Farm Credit needed to show no more.

Although the McLemores attempted to raise the defense of fraud, their attempt failed for several reasons. First, "the only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any

disability, is that fraud which prevents him from reading what he signed. [Cit.]" Id. The McLemores were not prevented from reading the note. Second, the representations claimed to be fraudulent pertained to Farm Credit's conduct in the future. A claim of fraud cannot be based upon statements that promise future action. Id.

Because the McLemores failed to raise a valid defense, Farm Credit was entitled to judgment on the note, and the trial court properly entered summary judgment in favor of Farm Credit.

2. The McLemores also contend that summary judgment was improper because genuine issues of material fact remained regarding whether a quasi new agreement was formed between the parties for satisfying the McLemores' debt by effecting the sale of the farm property. We do not agree.

We find nothing in the record suggesting that the McLemores raised this ground below. Nevertheless, on appeal of the grant of summary judgment, we review the evidence de novo to determine whether any genuine issues of material fact exist and whether the movant was entitled to judgment. *Tollman v. Zamani*, 224 Ga. App. 518, 519 (481 SE2d 232) (1997). We therefore address this enumeration.

Even if the McLemores are correct that Farm Credit was aware of the contract for the sale of the property, no showing was made that any new agreement was created between Farm Credit and the McLemores. The McLemores' speculation that Farm Credit refrained from foreclosing or initiating collection efforts because of the sale is just that — speculation. No evidence was presented showing the reasons Farm Credit waited to collect the debt, nor was any required.

Moreover, no showing was made that the failure to apply the insurance proceeds to repair the March 1996 damage caused the failure of the sale to close. Evidence was presented that the prospective purchaser failed to complete the transaction for several reasons, including damage to the property sustained after the McLemores allowed their insurance coverage to lapse but before replacement coverage was purchased by Farm Credit. This damage would not have been covered by the insurance proceeds even had these proceeds been applied to repairing the property. The trial court did not err in granting summary judgment on this ground.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 6, 1998.

*Jerry D. Sanders*, for appellants.
*Kirbo & Kendrick, David A. Kendrick*, for appellee.