A99A1429. VANDEGRIFF et al. v. HAMILTON.
(519 SE2d 702)

JOHNSON, Chief Judge.

Robert Hamilton sued Joseph Vandegriff and Janet Vandegriff on a promissory note. The record shows that Hamilton advanced $102,500 to the Vandegriffs. To insure payment of the debt, Hamilton took a security interest in the Vandegriffs' share in a tract of property owned jointly by Hamilton and the Vandegriffs. In addition, the Vandegriffs executed a promissory note to Hamilton in the amount of $102,500, due on or before September 18, 1994.

The Vandegriffs admit that the principal amount of the promissory note is $102,500 and that interest accrues at the rate of ten percent per annum. They further admit that no payments have been made on the promissory note and that they were notified of default, the intention to demand attorney fees, and the fact that they had ten days to pay the debt without incurring attorney fees. The Vandegriffs also admit there have been no modifications, extensions or waivers of the promissory note or any terms contained therein.

The trial court granted Hamilton's motion for summary judgment and entered judgment based on the promissory note. The Vandegriffs contend Hamilton orally agreed to accept a deed to their one-third interest in the property as full payment of the note and that the trial court, therefore, erred in failing to require Hamilton to accept the property as payment of the note in full. We disagree and affirm the trial court.

In an action on a promissory note, a movant may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed. See OCGA § 11-3-308; *McLemore v. Southwest Ga. Farm Credit*, 230 Ga. App. 85, 87 (1) (495 SE2d 335) (1998); *Braswell v. Bank of Early*, 229 Ga. App. 445, 447 (494 SE2d 277) (1997). The Vandegriffs' admission that they borrowed the money, signed the note, and defaulted established Hamilton's prima facie case. Having established this, Hamilton was entitled to judgment unless the Vandegriffs established a valid defense. See *McLemore*, supra.

The Vandegriffs' contention regarding Hamilton's oral representations does not establish such a defense. A creditor who holds a promissory note secured by a deed may sue upon the note, demand a deed to the secured property, or pursue both remedies until the debt is satisfied. See *Vaughan v. Moore*, 202 Ga. App. 592 (415 SE2d 47) (1992). Thus, Hamilton was entitled to elect his remedy to cure the default. Moreover, it is well established that in the absence of fraud, accident or mistake, none of which has been alleged or proven in the present case, parol evidence cannot be considered to alter or vary the terms of a promissory note. *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 504 (1) (497 SE2d 269) (1998); *McLemore*, supra; *Braswell*, supra. Because the Vandegriffs failed to raise a valid defense, Hamilton was entitled to judgment on the note, and the trial court properly entered summary judgment in favor of Hamilton.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED JUNE 22, 1999.

*Kimzey, Kimzey & York, M. Keith York*, for appellants.
*Joy R. Parks*, for appellee.