A04A1010. STEWART v. JOHNSON.
A04A1023. STEWART v. McCULLERS.
(605 SE2d 111)

MILLER, Judge.

In these consolidated cases, John Benjamin Stewart, Jr. appeals from a grant of summary judgment to Howard E. Johnson and Mark McCullers ("the noteholders") regarding money owed under seven promissory notes executed by Stewart. Stewart argues that a material issue of fact exists as to whether the noteholders released him from his obligations under the notes. We disagree and therefore affirm.

The undisputed evidence showed that on May 2, 2001, an authorized agent of Stewart signed a promissory note agreeing to repay principal and interest to Johnson in exchange for $750,000. Between April 2000 and May 2001, Stewart's authorized agents signed six similar notes agreeing to repay principal and interest to McCullers in exchange for sums amounting to over $146,000. Each of the seven notes identified Stewart as the sole obligor, and specified that "[t]his instrument is non-negotiable and is transferable only on the books of John B. Stewart, Jr." Johnson delivered the $750,000 identified in his note to Stewart Finance Company ("the Company"); McCullers did the same with some of the funds identified in his notes. For some time, interest payments due under all seven notes were paid by the Company.

On February 1 and April 1, 2002, the office manager of the Company sent four virtually identical letters to McCullers concerning four of the notes he held, informing him that the Company would renew them for one year at a reduced interest rate of 8.5 percent "unless we receive further instructions." Each of these four letters closed by inviting McCullers to "call or come by" if he wished "to make any changes to [his] promissory note." On May 1, 2002, the office manager sent a letter to the same effect to Johnson. Neither McCullers nor Johnson responded to these letters.

On February 10, 2003, the Company filed for bankruptcy under Chapter 11. On the same day, both noteholders filed separate complaints alleging that Stewart had failed to make interest payments on the notes and had refused to pay the balances due. Stewart answered both complaints, asserting the same affirmative defenses of novation and accord and satisfaction in each. The noteholders then moved for summary judgment, which the trial court granted in both cases. Stewart appeals the judgments against him, which we consolidate for purposes of appeal.

On appeal from a grant of summary judgment, we conduct a de novo review of the law and the evidence to "determine whether the trial court erred in concluding that no genuine issue of material fact

remains and that the [moving] party was entitled to judgment as a matter of law." (Citation and punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). "Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case." (Citation omitted.) *Zeller v. Home Fed. S & L Assn. &c.*, 220 Ga. App. 843 (471 SE2d 1) (1996).

It is well established that a plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. See OCGA § 11-3-308 (a); *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999). Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense. OCGA § 11-3-308 (b); *McLemore v. Southwest Ga. Farm Credit*, 230 Ga. App. 85, 87 (1) (495 SE2d 335) (1998); *Commonwealth Land Title Ins. Co. v. Miller*, 195 Ga. App. 830, 833 (395 SE2d 243) (1990); *Sadler v. Trust Co. Bank of South Ga.*, 178 Ga. App. 871, 873 (2) (344 SE2d 694) (1986).

To prove the affirmative defense of novation or accord and satisfaction, a party must show that four circumstances are present: "(1) a previous valid obligation, (2) the agreement of the parties to [the] new contract, (3) a mutual intention by the parties to substitute the new contract for the old one, and (4) the validity of the new contract." (Citation and punctuation omitted.) *Abrams v. Massell*, 262 Ga. App. 761, 766 (4) (586 SE2d 435) (2003); see also *Georgialina Enterprises v. Frakes*, 250 Ga. App. 250, 253 (551 SE2d 95) (2001). "If these essentials, or any one of them, are wanting, there can be no novation." *Georgialina Enterprises*, supra, 250 Ga. App. at 253. Specifically, the party pleading novation must show that "the person substituted as the debtor in the place of the person released became such as the result of an agreement in which all three concurred." Id.

Stewart argues that the noteholders' course of conduct after the execution of the notes indicates that they assented to substitute the Company for Stewart as the notes' obligor. Specifically, Stewart asserts that the noteholders' payment of funds to the Company and their silence in the face of the Company's 2002 letters renewing the notes, as well as McCullers's filing of a Proof of Claim in the Company's bankruptcy matter, raise questions of fact sufficient to reverse the trial court's grants of summary judgment.

There is neither evidence nor law to support Stewart's contentions. The fact that the company bearing his name received some of the funds described in the notes does nothing to change Stewart's status as their sole obligor. See OCGA § 11-3-111 (note's place of

payment can be chosen by the person entitled to enforce the instrument). Likewise, the noteholders' silence in the face of overtures to renegotiate interest rates cannot be construed as consent to substitute the Company for Stewart as obligor. When the Company's letters invited the noteholders to "call or come by" if they wished "to make any changes to [their] promissory note," they were suggesting, entirely correctly, that the noteholders retained the power to *refuse* to change any terms on the notes. See *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 139-140 (1) (579 SE2d 11) (2003) (summary judgment properly granted when obligors did not show how modification agreements and extension of maturity dates could have relieved them of obligations). Likewise, McCullers' filing of a claim in the Company's bankruptcy proceedings has nothing to do with releasing Stewart from his obligations under the notes. McCullers was simply trying to recover funds lent to Stewart and the Company by whatever legal means he could.

Since the noteholders have established their prima facie cases for recovery, and since no material issue of fact remains as to Stewart's affirmative defenses, the trial court did not err in granting summary judgment to the noteholders in both of these cases.

*Judgments affirmed in both cases. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 23, 2004.

*Chambless, Higdon, Richardson, Katz & Griggs, Thomas F. Richardson*, for appellant.

*Adams & Ford, Francis N. Ford, J. Hue Henry, Louis Levenson*, for appellees.