## A05A0325. NEWTON v. SIBLEY.
### (615 SE2d 185)

MILLER, Judge.

DeWayne Newton appeals from the grant of summary judgment to James Sibley regarding money owed under two promissory notes executed by Newton.[1] Newton argues that issues of fact remain regarding whether he can be held liable under the notes. We disagree and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the undisputed evidence reveals that Sibley entered a contract to purchase various properties from Newton. When Newton needed money to pay off liens on the properties so that he could close the deal with Sibley, he borrowed money from Sibley, executing three promissory notes — the first on January 29, 2002, for $271,950 plus interest, the second on February 7 for $80,000 plus interest, and the third on July 2 for $226,608.07.

Newton failed to pay when the notes became due. Sibley sued to collect the money owed under the notes and moved for summary judgment with respect to the January 29 and July 2 notes. The trial court granted summary judgment to Sibley on the two notes, and Newton appeals.

It is well established that a plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. See OCGA § 11-3-308 (a); *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999). Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense. OCGA § 11-3-308 (b); *Vandegriff*, supra, 238 Ga. App. at 604; *McLemore v. Southwest Ga. Farm Credit*, 230 Ga. App. 85, 87 (1) (495 SE2d 335) (1998).

Here, Sibley produced the properly executed notes connected with an arms-length real estate transaction, and Newton has not made out any valid defense. Newton cannot show that he was

---

[1] Newton also executed a third promissory note, but Sibley did not move for summary judgment below with respect to the amount owed under that note, and the note is therefore not at issue in this appeal.

fraudulently induced into signing the promissory notes. It was Newton himself who actually suggested borrowing money from Sibley so that the real estate deal could be consummated, and there is nothing in the record to suggest that Sibley intentionally concealed facts from Newton in order to induce him to borrow his money. See *Fuller v. Greenville Banking Co.*, 230 Ga. App. 63, 64-65 (1) (495 SE2d 320) (1997). Furthermore, there is no evidence that the promissory notes themselves required that Sibley satisfy any condition precedent before personally suing Newton once the notes became due. Newton's arguments are without merit, and the trial court properly granted summary judgment to Sibley on the two notes.[2] See *Stewart v. Johnson*, 269 Ga. App. 698, 700 (605 SE2d 111) (2004).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005.

*Scott M. Herrmann*, for appellant.
*Denise R. Griffin*, for appellee.

---

[2] To the extent that Newton attempts to rely on documents that are not a part of the record to show that issues of fact exist, such efforts are improper and will not be entertained here. Court of Appeals Rule 24 (g); see also *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).