A11A1653. TRENDMARK HOMES, INC. et al. v. BANK OF
NORTH GEORGIA.
(726 SE2d 138)

DOYLE, Presiding Judge.
Trendmark Homes, Inc., and its president, Gerald W. Rose
(collectively "Trendmark"), appeal from the grant of summary
judgment to Bank of North Georgia (the "Bank"), in the Bank's suit
on three promissory notes executed by Trendmark Homes and
personal guaranties executed by Rose. Trendmark contends that the
trial court erred by ignoring alleged factual disputes created by
Rose's affidavit filed by Trendmark in response to the Bank's motion
for summary judgment. Because the affidavit does not create a
genuine dispute of fact material to the Bank's claims or to the
evidence supporting the Bank's motion, we affirm.

> Summary judgment is proper when there is no genuine
> issue of material fact and the movant is entitled to judgment
> as a matter of law. OCGA § 9-11-56 (c). A de novo standard
> of review applies to an appeal from a grant of summary
> judgment, and we view the evidence, and all reasonable
> conclusions and inferences drawn from it, in the light most
> favorable to the nonmovant.[1]

So viewed, the record shows that on November 5, 2009,
Trendmark Homes executed a promissory note in favor of the Bank

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

with a principal amount of $342,786. The same day, Rose executed an unconditional personal guaranty of the note. On January 5, 2010, Trendmark Homes executed two additional promissory notes in favor of the Bank, with principal amounts of $457,920 and $1,101,650. On the same day, Rose again executed an unconditional personal guaranty of both notes. Each note was separately secured by security deeds to real property that Trendmark planned to develop.

After Trendmark Homes defaulted and Rose failed to satisfy the guaranty, the Bank filed this breach of contract action on the notes. Trendmark Homes and Rose filed an answer denying their liability but admitting that the promissory notes and guaranties attached to the complaint were true copies of what they purported to be. The answer also asserted three affirmative defenses: estoppel, waiver, and mutual departure from the contracts. The Bank moved for summary judgment, attaching the notes, guaranties, and statements of account, authenticating the documents with an affidavit by Wilson Shoemaker, an assistant vice president at the Bank with whom Trendmark had dealt. Trendmark responded with a three-page brief supported by an affidavit by Rose. Based on the briefs and record, the trial court granted the Bank's motion, entering a judgment for the principal and pre- and post-judgment interest based on the notes and account statements. Trendmark now appeals.

Trendmark argues that the trial court ignored Rose's affidavit and failed to recognize the factual dispute created by the sworn statements therein. We disagree.

Under OCGA § 9-11-56 (c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In a suit to enforce a promissory note, "[i]t is well established that a plaintiff . . . establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense."[2]

Here, the Bank provided the authenticated loan and guaranty documents evincing the debt of Trendmark Homes and Rose, which documents were not disputed by either debtor, and an affidavit attesting to the amounts owed in account statements. Trendmark did not dispute the authenticity of the notes or guaranties; instead,

---

[2] (Citations omitted.) *Newton v. Sibley*, 273 Ga. App. 343 (615 SE2d 185) (2005), citing *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999). Accord *Collins v. Regions Bank*, 282 Ga. App. 725, 726 (639 SE2d 626) (2006). See OCGA § 11-3-308 (a), (b).

it filed an affidavit by Rose outlining the substance of several meetings and conversations that he had with Bank personnel leading up to the litigation. In those conversations and meetings, the Bank and Rose discussed various options for how Trendmark might perform on its debt obligations. Those discussions included options such as obtaining the Bank's permission to lease certain property securing the loans, negotiating a lower payoff amount to facilitate a short sale, and lowering the interest rate. The Rose affidavit alleges various occasions when Bank personnel reversed their position during those negotiations.

Even viewing allegations in the affidavit in the light most favorable to Trendmark, those averments do not demonstrate facts that change the indebtedness evinced by the loan documents. At best, the affidavit demonstrates an attempt at negotiation by the Bank in the process of collecting on the debts, but the affidavit contains no evidence that would render Trendmark's obligations under the loan agreements unenforceable, waived, or modified.

Further, the promissory notes contain clauses whereby Trendmark Homes waived its right to require the Bank to demand payments due or provide notice of nonpayment, and Trendmark Homes agreed that if the Bank failed to declare an event a default, the Bank did not waive its right to later consider the event a default if it continued or repeated. Moreover, the loan documents, by their express terms, cannot be modified except as agreed to by the Bank in writing, and Rose's guaranties are absolute and unconditional, and they include waivers of all defenses of Trendmark. Trendmark does not assert any ambiguity in the loan documents, nor any modification in writing.

> It is well established that [such] a promissory note may not be modified by the imposition of conditions not apparent on its face. . . . The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note.[3]

Therefore, even to the extent that the Bank discussed accepting a lowered payoff amount, such negotiations not reduced to a writing executed by the Bank did not alter the written promissory notes or their enforceability.[4] In short, Trademark's response to the summary judgment motion provides no evidence that the agreement was

---

[3] (Citations and punctuation omitted.) *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 733 (1) (334 SE2d 331) (1985).

[4] See *Brooks v. McCorkle*, 174 Ga. App. 132, 133 (329 SE2d 214) (1985).

altered, nor any evidence supporting the defenses of estoppel, waiver, or mutual departure. Under these circumstances, the trial court did not err by granting summary judgment to the Bank.[5]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 19, 2012.

*George M. Geeslin*, for appellants.

*Stokes, Lazarus & Carmichael, William K. Carmichael, Rachel Humphrey*, for appellee.

---

[5] See *Wachovia Bank of Ga. v. Mothershed*, 210 Ga. App. 853, 854 (1) (437 SE2d 852) (1993).