THIRD DIVISION
MILLER, P. J.,
RAY and BRANCH, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 28, 2012**

# In the Court of Appeals of Georgia

A12A1234. LOVELL v. GEORGIA TRUST BANK.

MILLER, Presiding Judge.

Georgia Trust Bank sued Virgil E. Lovell to recover the principal and interest due on a promissory note (the "Note"), along with contractual and statutory attorney fees and expenses Georgia Trust filed a motion for summary judgment. Lovell responded, contending that Georgia Trust failed to work with him on the loan pursuant to the parties' oral agreement. Lovell also filed a motion to compel the production of documents in support of his affirmative defenses of estoppel and waiver. The trial court held a hearing on Lovell's motion to compel and on Georgia Trust's motion for summary judgment. The trial court denied the motion to compel and granted Georgia Trust's motion for summary judgment.

Lovell appeals from that order, contending that (1) the trial court erred in denying the Motion to Compel, and finding that the parole evidence rule barred admission of documents sought under that motion; (2) the trial court erred in granting Georgia Trust's motion for summary judgment, and in finding that Georgia Trust's oral promise to work with Lovell was inconsistent with the written terms of the Note; and (3) the trial court erred in finding that Lovell did not establish an affirmative defense. Finding no error, we affirm.

"On review of a grant of summary judgment, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper." (Footnotes omitted.) *Georgia Real Estate Properties v. Lindwall*, 303 Ga. App. 12 (692 SE2d 690) (2010).

So viewed, the evidence shows that on January 30, 2007 Lovell executed a promissory note payable to Georgia Trust in the principal amount of $1,000,000. The parties renewed the note on February 1, 2008, and again on February 9, 2009, both in the principal amount of $1,000,000. The parties then executed a third and final renewal on March 9, 2010, in the principal amount of $996,706.93. Prior to executing the final renewal of the Note, then President and CEO of Georgia Trust, J. Michael

2

Allen, had a series of phone conversations with Lovell, concerning Lovell's loan with Georgia Trust. Allen discussed with Lovell that Georgia Trust wanted a principal reduction on the loan, considering the value of the secured real estate, and Allen asked Lovell to pay down the loan balance. Allen told Lovell that Georgia Trust would "make every effort, within reasonable business expectations, to work out an amicable resolution." Allen also informed Lovell that Georgia Trust would retain its contractual rights in the event that Lovell could not cure a default.

At the time of the note renewal, Lovell paid the past due interest. He made no further payments on the Note. . Lovell's representative contacted Georgia Trust to ask if it would accept a deed in lieu of foreclosure on the secured property. Georgia Trust declined to accept the deed in lieu. On June 28, 2010, Georgia Trust sent Lovell a Notice of Default, demanding immediate payment in full of the entire outstanding balance due on the note, along with accrued and unpaid interest and other fees. When Lovell failed to pay the amounts due, Georgia Trust filed suit against him for breach of the contract, unjust enrichment, attorney fees, costs and expenses.

During discovery in this case, Lovell sought production of non-privileged documents relating to Georgia Trust's underwriting and approval process of the loan and renewals, internal communications regarding the loan, documents relating to

3

Georgia Trust's willingness or unwillingness to modify the terms of the loan, and documents reflecting any actions Georgia Trust took to mitigate its damages. Georgia Trust objected to these document requests on the basis that the documents sought were not relevant and not reasonably calculated to lead to the discovery of admissible evidence. After good faith efforts to resolve the dispute in accordance with Uniform Superior Court Rule 6.4, Lovell moved to compel production of these documents pursuant to OCGA § 9-11-37 (a). The trial court denied Lovell's motion to compel, finding that the documents he requested were irrelevant, outside the scope of discovery and barred from admission by the parol evidence rule. The trial court also granted summary judgment to Georgia Trust, finding that Georgia Trust established a prima facie case for enforcement of the Note, there were no genuine issues of material fact, and Lovell failed to establish an affirmative defense.

1. Lovell challenges the trial court's denial of his motion to compel, contending that the documents he sought relating to the oral promise are not barred from admission by the parole evidence rule because Georgia Trust's oral promise to work with him in the event of a default was not inconsistent with the terms of the Note. We disagree.

"[A]s a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion." (Citation omitted.) *Martin v. Hamilton State Bank*, 314 Ga. App. 334, 337 (723 SE2d 726) (2012); see also *Hickey v. Kostas Chiropractic Clinics*, 259 Ga. App. 222, 223 (3) (576 SE2d 614) (2003) (the standard of review on rulings involving discovery disputes is abuse of discretion.)

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(Punctuation omitted) OCGA § 9-11-26 (b) (1). In this case, as more fully set forth in Division 2, the documents sought are inadmissible under the parol evidence rule because Georgia Trust's oral promise to work with Lovell in the event of a default was inconsistent with the written terms of the Note. Therefore, the information sought was not reasonably calculated to lead to the discovery of admissible evidence, the documents would add nothing of substance to Lovell's claim, and the trial court did not abuse its discretion in denying Lovell's motion to compel. See *Latimore v. Vatacs Group, Inc.*, __Ga. App.__, *8 (3) (729 SE2d 525) (Case No. A12A0030, decided June 26, 2012) (disputed discovery items would not add to appellant's claim and

5

would not create a genuine issue of material fact); see also *Martin*, supra, 314 Ga. App. at 337 (trial court did not abuse its discretion in denying motion to compel discovery of evidence showing bank's motivation in declaring default and ultimately refusing to restructure debt).

2. Lovell challenges the trial court's order granting summary judgment, contending that Georgia Trust failed to honor its oral promise to work with him in the event of default. Lovell further alleged that the trial court erred in finding that Georgia Trust's promise was inconsistent with the written terms of the Note. We disagree.

> A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. . . It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. . . The note being an unconditional promise, the contract is complete as written[.] [P]arol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note.

(Citations and punctuation omitted) *Devin Lamplighter, Ltd. v. American Gen. Finance, Inc.*, 206 Ga. App. 747, 749 (2) (426 SE2d 645) (1992).

6

"A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish an affirmative defense" (Footnote omitted) *Core Lavista, LLC v. Cumming*, 308 Ga. App. 791, 795 (1) (b) (709 SE2d 336) (2011). Georgia Trust produced the Note and its representative submitted an affidavit, which laid the proper foundation for admission of the loan documents as business records. The evidence established that Lovell signed the Note and was responsible for the principal and interest due thereon. By signing the Note, Lovell unconditionally contracted with Georgia Trust to pay the note according to its terms. Therefore, Georgia Trust established a prima facie case for enforcement of the Note and is entitled to judgment as a matter of law, unless Lovell established a defense to liability on the Note. Id.

Although Lovell sought to introduce evidence showing that Georgia Trust's agreement to work with him constituted a condition precedent to filing suit, Lovell cannot modify the Note by imposing conditions not apparent on its face. "Parol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1). "In the absence of fraud, accident or mistake an unconditional promissory note cannot be changed into a conditional obligation by parol evidence." (Citation

7

and punctuation omitted) *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 733 (1) (334 SE2d 331) (1985). "Where the terms of the contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." (Citation, punctuation and footnote omitted) *Core Lavista*, supra, 308 Ga. App. at 794 (1).

Lovell did not allege that the Note was ambiguous, did not allege fraud, accident or mistake, did not come forward with evidence in the record showing that Georgia Trust intended to depart from or disregard the terms of the Note, and did not contend that Georgia Trust's promise deprived it of any remedy under the Note. Instead, Lovell contended that the Note was silent regarding the requirement to mediate as a condition precedent to filing suit.

Notwithstanding the fact that the Note did not contain a merger clause, the Note is clearly an integrated document with no evidence on its face to suggest otherwise. The Note unambiguously expressed the remedies that immediately became available to Georgia Trust when Lovell defaulted on the Note. Nothing in the express remedy provisions required Georgia Trust to "work with" or engage in prelitigation negotiations as a condition to filing and pursuing a collection lawsuit. Lovell's reliance upon parol evidence to impose such non-existent conditions is unavailing.

8

See *Trendmark Homes, Inc. v. Bank of North Georgia*, 314 Ga. App. 886, 888 (726 SE2d 138) (2012) (debtor did not allege any ambiguity in loan documents or modification in writing, and negotiations regarding lowered payoff amount, which were not reduced to writing did not alter the written promissory notes or their enforceability); see also *Coleman v. Arrington Auto Sales & Rentals*, 294 Ga. App. 247, 249 (2) (669 SE2d 414) (2008) (testimony intended to contradict or vary the clear and unambiguous terms of the promissory note and installment contracts was inadmissible under the parol evidence rule).

Furthermore, the Note's Applicable Law provision provides that "[n]o modification of this agreement may be made without [Georgia Trust's] express written consent." The Note's Payments provision expressly states that any contrary agreements regarding payments must be in writing. The Note's Default provision states that Lovell will be in default if any of the enumerated circumstances occur, including failure to make a payment on time or in the amount due. The Note's Remedies provision, expressly states that, in the event of default, Georgia Trust may demand immediate payment of all monies due under the Note. Lovell defaulted on the Note when he failed to make the first payment due thereunder, and Georgia Trust

exercised its right under the Remedies provision to demand immediate payment when it sent Lovell the Default Notice.

Consequently, the trial court correctly found that Georgia Trust's oral agreement to work with Lovell was inconsistent with the express and unambiguous terms of the note, which required any modifications to be in writing and did not impose any conditions precedent to filing suit. The trial court also correctly found that evidence of the inconsistent oral agreement was inadmissible and incompetent to change the contract as represented on the face of the Note. See *Bentley*, supra, 175 Ga. App. at 733 (1) (testimony regarding contemporaneous oral agreement not to enforce notes according to their terms was not admissible); see also, *Beacon Engineering Co. v. Reese*, 186 Ga. App. 64-65 (1) (366 SE2d 694) (1988) (trial court did not err in refusing to admit evidence that purchase agreement between parties contained implied condition).

3. Lovell also contends that the trial court erred in finding that he did not establish an affirmative defense to enforcement of the Note. We disagree.

Lovell claimed that the doctrines of waiver and estoppel barred Georgia Trust's claims for relief. When Lovell executed the final renewal of the Note in March 2010, he contends that he relied on Georgia Trust's promise to work with him if he became

10

unable to make the scheduled payments, and that Georgia Trust's promise manifested its intent to forgo litigation until it participated in good faith negotiations with Lovell.

The doctrine of promissory estoppel provides that

[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. Promissory estoppel does not, however, apply to vague or indefinite promises, or promises of uncertain duration.

(Citations and punctuation omitted.) *Georgia Investments Int'l v. Branch Banking and Trust Co.,* 305 Ga. App. 673, 675 (1) (700 SE2d 662) (2010). In establishing his affirmative defenses, Lovell was not entitled to rest on allegations in his pleadings, but was required to point to specific facts in the record. See *Secured Realty & Investments v. Bank of North Georgia*, 314 Ga. App. 628, 629 (1) (725 SE2d 336) (2012). Lovell has failed to point to specific facts setting out the terms and conditions of Georgia Trust's alleged promise to work with him, thus, his claim is too vague and indefinite to sustain a promissory estoppel claim. See Id. at 630 (1) (a); see also *Griffin v. State Bank of Cochran*, 312 Ga. App. 87, 96 (2) (a) (718 SE2d 35) (2011) (bank's purported promise to renew a promissory note was too vague and indefinite

11

to support promissory estoppel claim). Furthermore, Lovell knew that Georgia Trust retained its contractual rights in the event of default, and, as explained above in Division 2, the Note's unambiguous and express terms do not require any condition precedent to filing suit. Accordingly, Lovell has failed to raise a genuine issue of fact with regard to his defenses of estoppel and waiver, and Georgia Bank was entitled to judgment as a matter of law.

*Judgment affirmed. Ray and Branch, JJ., concur.*