A89A2216. STUCKEY HEALTH CARE, INC. v. STATE OF GEORGIA et al.
(389 SE2d 349)

DEEN, Presiding Judge.

The appellant nursing home provider commenced this action against the appellees to recover for reimbursement of Medicaid payments. The trial court granted summary judgment for the appellant but did not specify the amount of reimbursement due, and the appellees appealed. That grant of summary judgment for the appellant was ultimately affirmed. *State of Ga. v. Stuckey Health Care*, 189 Ga. App. 126 (375 SE2d 235) (1988). Subsequently, the appellant filed motions for entry of judgment, for leave to amend its complaint to add claims for attorney fees, expenses of litigation, and pre- and postjudgment interest. The trial court entered judgment for the appellant for $290,069.09, the amount of reimbursement due which was not disputed by the appellees, but denied the other motions. The appellant then brought this appeal over the denial of its motions for pre- and postjudgment interest. *Held*:

1. The appellant never sought prejudgment interest until after this court had affirmed the trial court's grant of summary judgment for the appellant. Under this circumstance, the appellant could not amend its complaint without leave of court. See OCGA § 9-11-15 (a), generally; *Christopher v. McGehee*, 124 Ga. App. 310 (183 SE2d 624) (1971). We find no abuse of discretion in the trial court's denial of the

appellant's motion to amend and disallowance of any claim for prejudgment interest.

2. OCGA § 7-4-12 provides that "[a]ll judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year . . . The postjudgment interest provided for in this Code section shall apply automatically to all judgments in this state and such interest shall be collectable as part of each such judgment whether or not such judgment specifically reflects the entitlement to such interest." In the instant case, the trial court denied the appellant's request for postjudgment interest because the entered order granting summary judgment for the appellant did not specify any amount of recovery from which such postjudgment interest could be computed. However, the amount of Medicaid reimbursements claimed by the appellant in its pleadings and proven by affidavit was undisputed by the appellees. As there was no issue over the principal amount to be recovered in the event of liability, the omission of that specific figure in the original order granting summary judgment for the appellant does not render postjudgment interest incapable of determination. Cf. *Pico, Inc. v. Mickel*, 138 Ga. App. 856, 858 (230 SE2d 488) (1976). We conclude that the appellant was entitled to postjudgment interest.

*Judgment affirmed in part and reversed in part. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 1, 1989 — ■

*Stanley G. Jackson*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Kathryn L. Allen, Senior Assistant Attorneys General*, for appellees.