A92A0759. WOMACK INDUSTRIES, INC. v. B & A EQUIPMENT COMPANY.
(418 SE2d 411)

JOHNSON, Judge.

This is the second appearance of this case in this court. See *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660 (405 SE2d 880) (1991), reh. den. May 7, 1991, cert. den. September 6, 1991. In our prior decision we reversed the trial court's denial of a directed verdict in favor of Womack Industries regarding the validity of a lien filed by B & A Equipment Company, finding that the evidence demanded a finding that the claim of lien was not filed within three months of the completion of the work and was, therefore, not valid. The previous decision did not disturb those portions of the judgment regarding contract damages which were not derivative from the lien, nor was that award challenged in the earlier appeal.

Womack Industries now appeals the judgment entered on remittitur, asserting that it violates OCGA § 5-6-10, in that the judgment did not carry into "full effect in good faith" the holding of this court. Womack Industries cannot now, by challenging the judgment entered on remittitur, enlarge the scope of the previous appeal. "[I]t is well-settled law . . . that all matters which were put in issue, or which . . . might have been put in issue, will not be considered in a subsequent writ of error." *Lankford v. Milhollin*, 201 Ga. 594, 602 (40 SE2d 376) (1946).

The remittitur cannot be read in a vacuum. It must be read in conjunction with, and give effect to, the totality of the opinion rendered by this court. The judgment, as it now stands, fully incorporates the intent of the jury with respect to damages and this court as to law and does not violate the provisions of OCGA § 5-6-10.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1992.

*Thompson & McClure, Douglas R. Thompson, John L. Adair,* for appellant.

*Stewart, Melvin & House, William H. Blalock, Jr.,* for appellee.