A06A1333. McDANIEL et al. v. CITY OF GRIFFIN.
(636 SE2d 62)

MIKELL, Judge.

In their official capacity as the Board of Commissioners of Spalding County, Johnie A. McDaniel, Dick Morrow, M. Michael Kendall, H. Merrill Massengale, and Martha W. McDaniel (the "Commissioners") appeal the trial court's final order and judgment entered in favor of the City of Griffin (the "City"), asserting that the trial court committed three errors: (1) it ruled that it was without jurisdiction to adjudicate new issues raised in the Commissioners' amended answer, which was filed during the pendency of the first appeal; (2) it awarded prejudgment interest at a rate of 1.5 percent per month; and (3) it concluded that the City was entitled to attorney fees without considering any legal grounds for such an award. Because the rate of prejudgment interest awarded against the Commissioners was indeed incorrect, we affirm in part and reverse in part.

This is the second appearance of this case in this court. In the first, the parties filed cross-motions for summary judgment, and the trial court granted the Commissioners' motion and denied the City's. We reversed the trial court's judgment, concluding that OCGA § 36-71-13 (c)[1] authorized the City to collect the sewer connection fee from Spalding County.[2] Specifically, we held that the City was entitled to collect a proportionate share of the capital cost of its sewer facilities

---

[1] OCGA § 36-71-13 (c) provides in part:
Nothing in this chapter shall limit a municipality, county, or other governmental entity which provides water or sewer service from collecting a proportionate share of the capital cost of water or sewer facilities by way of hook-up or connection fees as a condition of water or sewer service to new or existing users, provided that the development impact fee ordinance of a municipality or county or other governmental entity that collects development impact fees pursuant to this chapter shall include a provision for credit for such hook-up or connection fees collected by the municipality or county to the extent that such hook-up or connection fee is collected to pay for system improvements.

[2] *City of Griffin v. McDaniel,* 270 Ga. App. 349, 354 (1) (606 SE2d 607) (2004).

as a condition of sewer service without adopting an impact fee ordinance.[3] The facts of the case are set forth fully in that opinion.[4]

Our decision reversing the grant of summary judgment to the Commissioners was published on November 8, 2004. The Commissioners filed an amended answer on December 13, 2004. The remittitur from this court was issued on May 23, 2005, and filed in the trial court on May 25, 2005. The trial court entered judgment on the remittitur on July 22, 2005. Because the Commissioners objected to the proposed judgment and argued that the evidentiary posture of the case had changed, the court ordered a hearing to occur on October 25, 2005.

At the hearing, the Commissioners stated that they amended their answer based on an article published on February 27, 2004, in which the accounting manager for the City stated that the funds that constituted a reserve for the sewer capacity recovery fee had been transferred to the general fund and spent by the City. In support of their position, the Commissioners submitted for the court's consideration the affidavit of Jinna Garrison, the Administrative Services Director for Spalding County, in which she averred that "[b]ased on the fiscal year 2004 Comprehensive Annual Financial Report, I am unable to determine whether or not a reserve for sewer capacity recovery fees or net assets restricted for sewer capacity recovery fees still exists or not." Garrison further averred that she could not "determine whether or not a funds transfer [to the general fund] occurred."

Based on this evidence, the Commissioners alleged that the collection of the sewer capacity recovery fee would constitute an unlawful tax if the fees were not being maintained in an appropriate account. The Commissioners argued that the trial court had jurisdiction to consider the issues raised in their amended answer because this information about the City's expenditure of the sewer fees changed the evidentiary posture of the case. Finally, the Commissioners maintained that this issue was unrelated to the issue pending on appeal and requested additional time to conduct discovery on the City's use of the fee. The trial court rejected the Commissioners' arguments.

In its "Final Order and Judgment," the trial court noted that the parties stipulated at the hearing on their cross-motions for summary judgment that the case presented an issue of law ripe for determination on summary judgment, that neither party reserved an issue for

[3] Id.
[4] Id. at 349-351.

subsequent trial or summary adjudication, and that the order entered was a final order. The court concluded that it lost jurisdiction upon the filing of the notice of appeal and payment of costs and did not regain jurisdiction until the remittitur was filed. The court stated that the posture of the case did not require a pretrial order as the parties had stipulated its ripeness for full summary disposition, dismissing the Commissioners' argument that they had a right to amend their answer without leave of court since no pretrial order had been filed. The court then entered judgment in favor of the City against the Commissioners in the amount of $378,730 together with prejudgment interest from August 16, 2001, at a rate of 1.5 percent per month, and gave the City 45 days to submit an affidavit of counsel setting forth its entitlement to attorney fees and costs.

1. The Commissioners argue that the trial court erred in concluding that it did not have jurisdiction to consider the issues raised in its amended answer while its ruling on the cross-motions for summary judgment was on appeal. We disagree.

Summary judgment "is an abbreviated trial, but of no less importance than any other trial on the merits of the case."[5] "[O]nce the issues are narrowed for trial, the complaint stands only upon those facts adduced at trial by the plaintiff, and once a verdict is returned or a motion for directed verdict is sustained, it is too late to amend even pending remittitur."[6] Therefore, each party at the hearing on the motion for summary judgment has a duty to present his case in full, and the party against whom summary judgment has been granted is in the same position as if he suffered a verdict against him.[7] Because summary judgment is an adjudication on the merits, once entered, a party is not free to amend its pleadings.[8] "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment."[9] Therefore, we cannot authorize a plaintiff to launch a new lawsuit through amendment after a final decision on summary judgment nor can we permit a defendant to utilize a new defense following a ruling on summary judgment in plaintiff's favor as to liability.[10]

---

[5] *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 606 (203 SE2d 173) (1974).

[6] (Citations omitted.) Id. at 605. Accord *First Born Church of the Living God v. Bank of America*, 248 Ga. App. 500, 502 (546 SE2d 1) (2001).

[7] *Summer-Minter & Assoc.*, supra at 604.

[8] *First Born Church of the Living God*, supra at 502.

[9] (Citation and punctuation omitted.) *Summer-Minter & Assoc.*, supra at 606.

[10] Id. See generally *Stuckey Health Care v. State of Ga.*, 193 Ga. App. 771 (389 SE2d 349) (1989) (party could not amend pleadings to assert new claim without leave of court after grant

As noted by the trial court, the parties here filed cross-motions for summary judgment, stipulating that the case was ripe for summary adjudication and reserving no other issues for the trial court. Once the City filed its notice of appeal of the trial court's grant of summary judgment to the Commissioners and paid all costs in the trial court, the trial court lost jurisdiction over the case during the pendency of the appeal.[11] A fortiori, the Commissioners did not have the right to amend their answer while the case was pending on appeal. Thus, the trial court's ruling on this issue was correct.

The Commissioners' argument that the evidentiary posture of the case has changed does not warrant a different result. Assuming without deciding that the issue of whether the fee constituted an unlawful tax was sufficiently unrelated so as not to affect the judgment on the issue on appeal, thereby warranting further consideration below,[12] the Commissioners have presented no conclusive evidence that the sewer capacity fee was an illegal tax or that the City inappropriately spent the fee assessed against the Commissioners, which fee had not been paid when the argument was asserted.

2. The Commissioners next argue that the trial court award of prejudgment interest at the rate of 1.5 percent per month is erroneous. The City agrees, acknowledging that the statute under which the trial court assessed the fee, OCGA § 7-4-16, applies only to commercial accounts.[13] Therefore, we reverse the trial court's award of prejudgment interest at the rate of 1.5 percent per month and remand the case with the direction that the trial court determine the applicable rate of prejudgment interest.

3. Lastly, the Commissioners argue that the trial court erred by awarding attorney fees to the City. However, a careful reading of the trial court's order shows that it did not award attorney fees. Instead, it ordered the plaintiff to submit an affidavit to show that it was entitled to recover fees and costs. Thus, this enumeration of error fails.

*Judgment affirmed in part and reversed in part and case remanded with direction. Blackburn, P. J., and Adams, J., concur.*

of summary judgment affirmed).

[11] *ARA Health Svcs. v. Stitt*, 250 Ga. App. 420, 423 (1) (551 SE2d 793) (2001).

[12] See *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982) (the filing of the notice of appeal does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal).

[13] See *Schoenbaum Ltd. Co. v. Lenox Pines, LLC*, 262 Ga. App. 457, 461 (2) (c) (585 SE2d 643) (2003).

DECIDED AUGUST 29, 2006.

*Jenkins & Olson, Frank E. Jenkins III, Brandon L. Bowen*, for appellants.
*Whalen & Westbury, Andrew J. Whalen III*, for appellee.