## A11A1588. MARTIN v. HAMILTON STATE BANK.
(723 SE2d 726)

BLACKWELL, Judge.

Bartow County Bank[1] loaned more than $2.7 million to Larry Martin, and Martin gave four promissory notes to the Bank in connection with these loans. When Martin failed to make several payments required under the terms of these notes, the Bank declared a default for nonpayment and accelerated the debt due under the notes.[2] Martin and the Bank then discussed whether the indebt-

---

[1] After the notice of appeal was filed below, the assets of Bartow County Bank apparently were assigned to Hamilton State Bank, and we allowed Hamilton State Bank to substitute as a party for Bartow County Bank. Because it is unnecessary to distinguish between Bartow County Bank and Hamilton State Bank for the purposes of this appeal, however, we simply refer in our opinion to the "Bank," meaning Bartow County Bank as the predecessor-in-interest of Hamilton State Bank.

[2] It is undisputed that Martin failed to make required payments on three of the notes, which amounts to a default on those notes. Although Martin apparently was current on his

edness might be restructured, but they were unable to come to an agreement, and the Bank later sued Martin on the four notes. The court below entered summary judgment for the Bank, and Martin appeals, contending that the Bank breached the implied duty of good faith and fair dealing when it declared a default and refused to restructure his debt. Martin also argues that the court below should have permitted him to take discovery on the question of good faith before entering summary judgment. We see no error and affirm.

Generally speaking, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Hunting Aircraft, Inc. v. Peachtree City Airport Auth.*, 281 Ga. App. 450, 451 (1) (636 SE2d 139) (2006) (citation and punctuation omitted). But "[t]here can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do."[3] *Automatic Sprinkler Corp. of America v. Anderson*, 243 Ga. 867, 868 (257 SE2d 283) (1979). See also *Marathon U. S. Realties v. Kalb*, 244 Ga. 390, 392 (260 SE2d 85) (1979); *Cox v. Athens Regional Med. Center*, 279 Ga. App. 586, 591 (1) (b) (631 SE2d 792) (2006); *Nobel Lodging, Inc. v. Holiday Hospitality Franchising, Inc.*, 249 Ga. App. 497, 500 (3) (548 SE2d 481) (2001); *Williams v. South Central Farm Credit*, 215 Ga. App. 740, 741 (2) (452 SE2d 148) (1994). Put another way:

> Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of "good faith." Although courts often refer to the obligation of good faith that exists in every contractual relation, this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. "Good faith" is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties. When the contract is silent, principles of good

---

payments on the fourth note, the fourth note contains a cross-default provision, under which a default on any other note that Martin had given to the Bank also amounts to a default on the fourth note.

[3] The Georgia Commercial Code recognizes an implied duty of good faith in the performance and enforcement of contracts within its scope, see OCGA § 11-1-203, but this duty is implied only with respect to matters "not regulated by the contract." *Fulton Nat. Bank v. Willis Denney Ford, Inc.*, 154 Ga. App. 846, 848-849 (269 SE2d 916) (1980).

faith . . . fill the gap. They do not block use of terms that actually appear in the contract.

*Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F2d 1351, 1357 (III) (7th Cir. 1990) (citations omitted). See also *Westinghouse Credit Corp. v. Hall*, 144 Bankr. Rep. 568, 576 (II) (S.D. Ga. 1992). Consistent with this principle, we recently held that, when a debt instrument explicitly confirms the right of the creditor to pursue one or more specified remedies for default, the creditor owes no duty to the debtor to pursue any particular remedy and may pursue whatever contractual remedy it chooses. See *REL Development, Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 431-432 (1) (699 SE2d 779) (2010) (lender was not required to pursue foreclosure before commencing suit to collect indebtedness).

In this case, the occurrence of default is undisputed.[4] In the event of default, the notes expressly authorize the Bank to demand immediate payment of the entire amount owed under the notes and to pursue its legal remedies, among other things. And the notes explicitly provide that, if the Bank elects to pursue a specific remedy, it does not thereby waive its right to pursue other remedies. The express terms of the note identify the remedies available to the Bank in the event of a default, and the Bank was entitled to choose whichever remedy it preferred. So, although the Bank was perfectly free to negotiate an agreement to restructure the debt that Martin owed if it wished, it also was free to forego restructuring and instead declare default, accelerate the debt, and pursue collection of the debt in court.[5]

When the Bank filed its motion for summary judgment, Martin

---

[4] Although Martin does not dispute the occurrence of default, he says that the Bank waived his default by accepting partial payments after its declaration of default. We have held before, however, that the mere acceptance of partial payments after a declaration of default and acceleration of a debt "does not amount to a waiver of the prior default or undo the maturity of the remainder of the indebtedness." *Chapman v. Nation*, 193 Ga. App. 632, 634 (2) (388 SE2d 744) (1989) (citation omitted).

[5] Martin points to our decisions in *Fulton v. Anchor Savings Bank*, 215 Ga. App. 456 (452 SE2d 208) (1994), and *Crosson v. Lancaster*, 207 Ga. App. 404 (427 SE2d 864) (1993), in support of his contention that the implied duty of good faith attaches to a decision to declare a default. Those decisions are, however, distinguishable because they involved a lender accelerating a debt based on the lender having deemed itself insecure, not accelerating a debt based on a default for nonpayment. See *Fulton*, 215 Ga. App. at 467 (4); *Crosson*, 207 Ga. App. at 405 (4). Under OCGA § 11-1-208, "[a] term providing that one party . . . may accelerate payment or performance or require collateral or additional collateral 'at will' or 'when he deems himself insecure' or in words of similar import" implies an obligation to exercise the power to do so only in good faith. But in this case, the Bank did not exercise any power at will, or based on a determination that it was insecure, to accelerate payment. Its authority to declare a default and accelerate the debt was triggered instead by the occurrence of default for nonpayment, an occurrence that is, as we have said, undisputed. OCGA § 11-1-208 simply has no application in this case.

sought discovery from the Bank, in hopes of finding evidence of its "motivation" in declaring a default and ultimately refusing to restructure his debt. And when the Bank refused to produce all of the discovery he requested, Martin moved to compel discovery and moved for a continuance of the motion for summary judgment. The court effectively denied both motions, finding that the "motivation" of the Bank was immaterial because Martin could not properly contend that the decision to declare a default and pursue collection of the debt amounts to a breach of the duty of good faith and fair dealing. About this, the court was exactly right, and the denial of the motion to compel discovery and the motion for a continuance was, therefore, no abuse of discretion. See *Pointer v. Roberts*, 288 Ga. 150, 152 (702 SE2d 130) (2010) ("[t]he trial court's discretion in granting or refusing a continuance will not be interfered with by the appellate courts unless it clearly appears that the judge abused his discretion") (citation and punctuation omitted); *McMillian v. McMillian*, 310 Ga. App. 735, 737 (713 SE2d 920) (2011) ("[a]s a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion") (citation omitted). And because the notes explicitly authorized the Bank to declare a default, accelerate the debt, and sue to collect it, the court below properly entered summary judgment for the Bank. Accordingly, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 24, 2012 — 

*Smith, Shaw & Maddox, Virginia B. Harman, Jackson B. Harris*, for appellant.
*Edward Hine, Jr.*, for appellee.