**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0272, A13A0630. MARTIN v. HAMILTON STATE BANK
 (two cases).

PHIPPS, Chief Judge.

In *Martin v. Hamilton State Bank*,[1] (hereinafter "*Martin I*") the first appearance of this dispute before this court, we affirmed the trial court's grant of summary judgment to Bartow County Bank wherein the evidence showed that Larry Martin had failed to make payments required under the terms of several promissory notes and that Bartow County Bank had declared a default for nonpayment and accelerated the debt due under the notes.[2] In reaching our decision we noted that, "After the notice of appeal was filed below, the assets of Bartow County Bank apparently were assigned

---

[1] 314 Ga. App. 334 (723 SE2d 726) (2012).

[2] Id. at 334-335.

to Hamilton State Bank," and we allowed Hamilton State Bank (hereinafter "HSB") to be substituted as a party for Bartow County Bank.[3]

Just over a month after Martin had filed in the trial court his notice of appeal giving rise to *Martin I,* HSB filed in the trial court a motion for substitution of party plaintiff, asserting that Bartow County Bank no longer had any interest in the assets associated with Martin's loan, asserting that HSB owned Martin's loan assets entirely, and moving for HSB's substitution as the party plaintiff in place of Bartow County Bank. Approximately eight days after the motion for substitution of party was filed, the trial court entered two consent orders whereby Martin and HSB agreed that HSB would be substituted for Bartow County Bank as party plaintiff in the case, that the judgment entered in favor of Bartow County Bank and against Martin had been assigned to HSB and that the records of the superior court would be changed to reflect the assignment of that judgment to HSB; and that Martin would post a supersedeas bond in a set amount or pledge additional collateral with an agreed value of said set amount to secure the judgment entered in favor of HSB.

After the Supreme Court of Georgia denied a petition for writ of certiorari in *Martin I*, and after the remittitur from this court had issued, but before it was filed

_____

[3] Id. at 335, n. 1.

2

with the trial court clerk, Martin filed in the trial court a document entitled "Defendant's Emergency Motion for Expedited Hearing to Limit Fi Fa and Enforcement of Judgment and for Injunctive Relief Pursuant to Rule 6.7, URSC." The remittitur was thereafter filed with the trial court clerk, and the trial court entered an order on the remittitur, responding therein to Martin's emergency motion, and adopting this court's decision in *Martin I* as the judgment of the trial court. It is from this order that Martin appeals in Case No. A13A0272.

After Martin filed a notice of appeal (giving rise to Case No. A13A0272), HSB moved the trial court to dismiss the appeal. The trial court entered an order in which it declined to dismiss the appeal, but ruled that the supersedeas bond it had ordered Martin to post after the filing of the notice of appeal giving rise to *Martin I* had expired. In the same order, the trial court thereupon issued another supersedeas bond – this one, from Martin's appeal of the trial court's order on the remittitur (Case No. A13A0272). It is from this order that Martin appeals in Case No. A13A0630.

*Case No. A13A0272*

1. Martin, in his emergency motion, asked the trial court to: (1) require that HSB prove that it had paid consideration for the judgment it had been assigned from Bartow County Bank; (2) limit any fi. fa. issued on the judgment to the amount of

3

consideration HSB had paid for the judgment; (3) limit HSB's enforcement of the judgment to the amount of the fi. fa., and (4) enjoin the issuance of the fi. fa. to HSB and entry of the judgment on the general execution docket until such time as HSB established the consideration it had paid for the judgment.

Martin challenges the trial court's adoption of the remittitur, particularly taking issue with that portion of the order wherein the trial court stated that at the time of Martin's involvement with setting the supersedeas bond, Martin had an opportunity to raise the issue he now raises on appeal as to the consideration purportedly paid by HSB to purchase the judgment; but, Martin did not "challenge the value of [HSB]'s rights as successor." Instead, the trial court stated, he had, in a supersedeas bond filed with the court, "bound himself to [HSB] (not Bartow County Bank) . . . as principal and surety, for payment of the judgment in full."

Indeed, the record shows that after Martin filed the notice of appeal giving rise to *Martin I*, he consented to the entry of two orders that were signed and filed the same day. In one order, Martin agreed to the substitution of HSB as party plaintiff for Bartow County Bank, pursuant to OCGA § 9-11-25 (c).[4] In the other order, Martin

_____

[4] OCGA § 9-11-25 (c) pertinently provides: "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the

4

agreed for the trial court to "[o]rder[], [d]ecree[], and [a]djudge[]" that the judgment entered in favor of Bartow County Bank and against Martin, "has been assigned to [HSB] and the records of the Superior Court shall be changed to reflect the assignment of that judgment to [HSB]"; that Martin is "ordered to post a supersedeas bond in [a set amount] to secure the judgment in favor of [HSB]"; that in lieu of posting the supersedeas bond in the amount set, Martin could, within a set time, pledge additional collateral with an agreed value of the amount of the bond set and which was "acceptable to [HSB]"; that in the event collateral "acceptable to [HSB]" was not pledged, and no supersedeas bond was posted within the time set, "the automatic supersedeas provided by law shall be lifted and [HSB] shall have such remedies as are available under the law in such circumstances"; and that in the event Martin pledged collateral "acceptable to [HSB]" in lieu of bond, the automatic supersedeas would remain in full force and effect during the course of the appeal.

In his appellate brief, Martin cites *Durham v. Crawford*[5] and other cases for the following general rule:

action or joined with the original party."

[5] 196 Ga. 381 (26 SE2d 778) (1943).

5

[A] former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants; although, in the absence of evidence to the contrary, the facts as they existed at the time of the former judgment would be presumed to continue.[6]

Martin asserts that at the time the trial court issued its order granting summary judgment leading to *Martin I*, the "purported assignment of [Bartow County Bank]'s . . . judgment against [Martin]" had not yet occurred. Thus, he argues, when the remittitur from this court was filed in the trial court, re-vesting jurisdiction of the case in the trial court, material facts had changed or new events had occurred; those facts or events altered the legal rights or relations of the litigants, requiring a re-examination of the issues between the parties. Those issues – concerning the consideration purportedly paid by HSB to purchase the judgment – he claims, could not have been asserted by him after he had filed his first notice of appeal, paid costs,

---

[6] Id. at 387 (4).

6

and posted a supersedeas bond, because, pursuant to OCGA § 5-6-46 (a),[7] his filing a notice of appeal, paying costs, and posting a supersedeas bond deprived the trial court of jurisdiction to take further proceedings towards the enforcement of the judgment superseded. He posits: "Therefore, it makes no sense for the trial court to scold [him] for failing to raise an issue which the trial court itself, at that juncture, had no power to decide."

"[A]ny ruling by the appellate court in a case shall be binding in all subsequent proceedings *in that case* in the lower court and in the appellate court."[8] Thus, this court's "[a]ffirmance of the judgment without condition or direction left the trial court without jurisdiction to entertain or pass on [the emergency motion] filed after the judgment of affirmance,"[9] in this case. And a party cannot, on a second appeal, "by

---

[7] OCGA § 5-6-46 pertinently provides: In civil cases, the notice of appeal . . . shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed; provided, however, that upon motion by the appellee, made in the trial court before or after the appeal is docketed in the appellate court, the trial court shall require that supersedeas bond or other form of security be given. . . ."

[8] *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601-602 (385 SE2d 397) (1989).

[9] *Pearle Optical of Monroeville v. State Board &c.*, 219 Ga. 856, 858 (136 SE2d 371) (1964) (citation and punctuation omitted).

challenging the judgment entered on remittitur, enlarge the scope of the previous appeal."[10] The issue as to the consideration purportedly paid by HSB to purchase the judgment was not within the scope of the appeal in *Martin I*. Yet, Martin, in this appeal, attacks the consideration issue by challenging the judgment entered on remittitur. This he cannot do.[11]

In *McDaniel v. City of Griffin*,[12] the appellants argued that the trial court erred in concluding that it did not have jurisdiction to consider issues raised in an amended pleading while its ruling on cross-motions for summary judgment was on appeal.[13] This court held,

> Because summary judgment is an adjudication on the merits, once entered, a party is not free to amend its pleadings. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. Therefore, we cannot .

---

[10] *Womack Indus. v. B & A Equip. Co.*, 204 Ga. App. 32 (418 SE2d 411) (1992).

[11] See id.

[12] 281 Ga. App. 350 (636 SE2d 62) (2006).

[13] Id. at 352 (1) .

. . permit a defendant to utilize a new defense following a ruling on summary judgment in plaintiff's favor as to liability.[14]

Furthermore, assuming without deciding that the issue of whether the consideration purportedly paid by HSB to purchase the judgment was sufficiently unrelated so as not to affect the judgment at issue on appeal in *Martin I*, i.e., whether Bartow County Bank was within its rights to declare a default and accelerate notes,[15] thereby warranting further consideration in the trial court,[16] the appellate record demonstrates that Martin consented to any change in procedural posture.[17]

---

[14] Id. (footnotes and punctuation omitted).

[15] See *Martin*, supra at 334-335.

[16] See generally *Avren v. Garten*, 289 Ga. 186, 190-191 (6) (710 SE2d 130) (2011) (the filing of the notice of appeal does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal); *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982) ("[P]ursuant to [OCGA § 5-6-46], a notice of appeal, with payment of costs, serves as a supersedeas of the judgment (unless supersedeas bond be required), and while on appeal, the trial court is without authority to modify such judgment. But the notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal.") (citations and punctuation omitted); *Ga. Farm Bureau Mut. Ins. Co. v. Willoughby*, 320 Ga. App. 431, 432 (2) (_ SE2d _) (2013) ("Absent a change in the evidentiary posture, the rulings of this court are binding on the trial court in all subsequent proceedings in this case and may not be disregarded.").

[17] See generally *McDaniel*, supra at 353 (1).

9

Indeed, the record shows that Martin voiced no objection to the assignment and transfer to HSB. Instead, after he was informed that Bartow County Bank no longer had any interest in the notes, Martin entered into agreements consenting to a transfer of interest to HSB, to the substitution of HSB for Bartow County Bank in the case, to an assignment of Bartow County Bank's judgment to HSB, and to posting bond for the benefit of securing judgment in favor of HSB or pledging collateral subject to HSB's acceptance.

"A litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal."[18] Because Martin specifically consented to the transfer and assignment of judgment to HSB, this issue is waived.[19] Accordingly, the trial court did not err in adopting this court's decision in *Martin I* as the judgment of

---

[18] *Davison v. Hines*, 291 Ga. 434, 439 (3) (729 SE2d 330) (2012), citing *Norman v. Ault*, 287 Ga. 324, 329 (3) (695 SE2d 633) (2010); *Capes v. Bretz*, 195 Ga. App. 467, 469 (393 SE2d 702) (1990) ("No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further.") (citations and punctuation omitted).

[19] See generally *Perry v. Gilotra-Mallik*, 314 Ga. App. 764, 765 (1) (726 SE2d 81) (2012).

the trial court, and the trial court's judgment in this case is affirmed. Nothing in *Durham*,[20] upon which Martin relies, demands a contrary result.

HSB's motions for frivolous appeal penalties are denied.

*Case No. A13A0630*

2. In this appeal, Martin contends that the trial court erred by finding that the supersedeas bond he was required to post during the pendency of the appeal in *Martin I* had expired and by ordering, sua sponte, that he post a new bond to secure the judgment in favor of HSB (giving rise to Case No. A13A0272).

"As alluded [to] in [OCGA § 5-6-46], the purpose [of an appellee being entitled to the posting of a supersedeas bond] is for its judgment to be protected from non-satisfaction in the event appellant has insufficient assets to satisfy the judgment when the judgment is affirmed on appeal."[21] Although Martin was ordered to post a new bond, the appellate record does not reflect that he posted bond. In light of our decision in Case No. A13A0272, this appeal is dismissed as moot.[22]

---

[20] Supra.

[21] *Bank South v. Roswell Jeep Eagle*, 200 Ga. App. 489 (2) (408 SE2d 503) (1991) (citation omitted).

[22] See generally *Lee v. City of Villa Rica*, 264 Ga. 606, 609 (4) (449 SE2d 295) (1994).

HSB's motions for frivolous appeal penalties are denied.

*Judgment affirmed in Case No. A13A0272; Appeal dismissed in Case No. A13A0630. Ellington, P. J., and Branch, J., concur.*