## 46252. MIDDLETON v. MIDDLETON.
(376 SE2d 368)

Hunt, Justice.

The trial court ruled that the wife had waived her right of privacy by engaging in lascivious conversations over the family telephone which had been tapped by her husband, and thus, that the tape-recorded conversations would be admissible in their upcoming divorce trial. We granted the wife's application to appeal.

1. In *Ransom v. Ransom*, 253 Ga. 656 (324 SE2d 437) (1985), we held that such tapes, made in violation of OCGA § 16-11-62,[1] were inadmissible in a divorce trial, but did not reach in that case the issue of waiver. The trial court here, relying on the fact that the tapes were made while the husband and wife were still cohabiting before the divorce was filed, held that the wife waived her right to privacy by engaging in conversations concerning an extramarital affair and her intention to marry her paramour after the divorce. We disagree.

There is no exception in the statute for illegal[2] or immoral conversations even if these conversations can be so characterized. Waiver of privacy cannot be based on the content of the conversation, otherwise all criminal conversations would be admissible. Compare OCGA § 16-11-64. Although the wife was using the family telephone, she was doing so with full expectations of privacy, generally while the husband was not at home.[3] "Involvement in a divorce action is not the equivalent of implied consent under [OCGA § 16-11-66] to have one's telephone line tapped." *Kendrick v. State*, 123 Ga. App. 785, 789 (182 SE2d 525) (1971).

2. Related issues as to whether the tape recorded conversations would be admissible for impeachment or other purposes are not before us in this interlocutory appeal. Compare *Ransom v. Ransom*, supra, 253 Ga. at (3) with the dissent of Justice Gregory in that case at p. 659.

*Judgment reversed. All the Justices concur.*

---

[1] This code section provides:

It shall be unlawful for: (1) *Any person* in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place; . . . (4) *Any person* intentionally and secretly to intercept by the use of any device, instrument, or apparatus the contents of a message sent by telephone, telegraph, letter, or by any other means of private communication; . . .

[2] Exceptions for law enforcement officers as prescribed in OCGA § 16-11-64 and for certain telephone services under Ga. Public Service Commission regulations, OCGA § 16-11-65, are not relevant here. Secretly recorded conversations are also admissible if one of the parties to the conversation consents. OCGA § 16-11-66; *State v. Birge*, 240 Ga. 501, 502 (241 SE2d 213) (1978).

[3] " 'Private place' means a place where one is entitled reasonably to expect to be safe from casual or hostile intrusion or surveillance." OCGA § 16-11-60 (2).

DECIDED MARCH 2, 1989.

*Surrett, Walker, Creson & Colley, Carl J. Surrett, Edward J. Coleman,* for appellant.
*Joseph B. Bergen, Frederick S. Bergen,* for appellee.