**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2014**

# In the Court of Appeals of Georgia

A14A0479. A14A0480. AGIO CORPORATION et al. v.
   COOSAWATTEE RIVER RESORT ASSOCIATION, INC.;
   C. TERRY BLANTON et al. v. COOSAWATTEE RIVER
   RESORT ASSOCIATION, INC.

BARNES, Presiding Judge.

These companion appeals were filed after the grant of the appellants'

applications for interlocutory review of the trial court's denial of a protective order.

In Case No. A14A0479, Agio Corp., DRST Holdings, Ltd., International Christian

Alliance, Inc., Merit Financial Group, LLC, Sunbelt Restructure Group, Inc., and

Jerry Sewell (collectively, "Agio") appeal the denial of their motion for a protective

order seeking to prevent an inspection by Coosawattee River Resort Association, Inc.,

of a shared network computer server. In Case No. A14A0480, C. Terry Blanton and

CTB Law Firm, LLC. (collectively, "the Blanton Law Firm"), non-parties to the

litigation, also appeal the same order denying the motion for the protective order.[1] We

---

[1] In its Certificate of Immediate Review, the court specifically stated that: "The
Court is granting this Certificate of Immediate Review as to the specific issue raised

have consolidated the appeals for review, and for the reasons that follow, we reverse the trial court's order permitting the copying of the entire network server.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. …" OCGA § 9-11-26 (b) (1). OCGA § 9-11-26 (c) authorizes the trial court in which an action is pending, "[u]pon motion by a party or by the person from whom discovery is sought and for good cause shown, … [to] make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court, *Bridges v. 20th Century Travel*, 149 Ga. App. 837, 839 (256 SE2d 102) (1979), and the exercise of that discretion is reviewed on appeal only for an abuse of that discretion. *Fulton County Bd. of Assessors v. Saks Fifth Avenue*, 248 Ga. App. 836, 842 (547 SE2d 620) (2001).

The record demonstrates that Coosawattee sued Agio alleging, among other things, that it participated "in the fraudulent transfers of over four-hundred and sixty (460) lots located within the Coosawattee River Resort . . . to hinder, delay or defraud [Coosawattee] from collecting validly assessed homeowners' association

by [The Blanton Law Firm]."

2

assessments." It sought to have the transfers voided, and to obtain a judgment for all assessments, an injunction to prevent future transfers, and punitive damages, attorneys's fees and costs of litigation. Coosawattee filed a request pursuant to OCGA § 9-11-34 to "inspect the premises as described," including

> [a]ll computer systems, back-up tapes and other sources of electronically stored data identified in [Agio's] responses to [Coosawattee's] First Interrogatories to [Agio], including but not limited to the server and work station used by Jerry Sewell ("Electronic Storage"). [Coosawattee] seeks to inspect these items for electronically stored information which is responsive to all of [Coosawattee's] First and Second Requests for Production of Documents to you, which are incorporated herein by reference. The inspection requested shall be made where the Electronic Storage is located, beginning at 10:00 A.M., on the 31st day following service of this request, and continuing thereafter until completed.

Agio filed a motion for a protective order and objected on the grounds that allowing Coosawattee to inspect the computer server and hard drive would permit access to privileged, confidential, undiscoverable information created by non-parties, including the Blanton Law Firm that shared the office space and common server with its client, appellant Jerry Sewell, and other non-parties. Agio further objected that "in searching for that discrete information [Coosawattee] will also be able to view every piece of electronic data on the server, whether created by [Agio] or a non-party,

3

whether privileged or non-privileged, whether related to this litigation or not." In support of its motion, Agio submitted the affidavit of the administrator of the server, who averred that

> [a]ll of the tenants at the [office space] utilize the common computer network, and if [Coosawattee] is allowed to inspect the computer network, it will have access not only to the stored electronic data available to [Agio] . . . but also the stored electronic data of the Blanton Law Firm and [other non-parties] on the shared computer network.

Agio proposed that the court appoint a Special Master to

> perform the inspection [of the server] under a confidentiality order, and identify the discrete information sought by [Coosawattee] for review by the Court in camera before production to the parties to insure that privileged communications . . . are not disclosed and that no electronic data of non-parties . . . are produced before production to the parties.

Although not a party to the lawsuit, the Blanton Law Firm also filed a motion for a protective order under OCGA § 9-11-26 (c), essentially adopting the same objections to the request for inspection of the computer server and hard drive. Mr. Blanton filed an affidavit in support of the motion in which he averred that his law firm shared office space with Mr. Sewell and also did legal work for him, "his

4

companies," and other clients not located at that office. He further averred that the tenants at the office space have "access to a shared computer network," and that

> [w]hile the electronic data created by my law firm stored on the shared computer network are accessible to me and my employees, I am advised that my electronic data stored on the shared computer network at the [office space] is not available to Mr. Sewell [or others] . . . Nor do I or my employees have access to the electronic data stored on the shared computer . . . created by Mr. Sewell [or others].

Mr. Blanton maintained that, if permitted, the request would "pierce the attorney client privilege" that protects his clients, including Mr. Sewell, "violate the work product privilege," and "could and would reveal trade secrets, confidential information, business operational methods, and other legally protected assets. . . ."

The parties attempted to find a compromise to the dispute. Agio proposed that the search be limited to a "propose[d] list of word[s] and that documents including those words . . . be identified as potential documents for review and inspection," and also that the server could be altered and a firewall erected "so that the access of Jerry Sewell and his employees [would be] limited to documents created by [Agio]." The dispute remained unresolved and, in its response to the motions for a protective order, Coosawattee objected to the installation of a firewall because it "would irrevocably

alter the server and [might] destroy relevant evidence in the process." Its computer expert averred that

> [f]orensics imaging ensures that all data that is located on the hard drive at the time of imaging will be available in the future for examination if ordered by the Court or through agreement of the parties. . . . Any changes made to a computer (specifically the operating system and data located on the hard drive) without first creating a forensics image will result in the loss of data and the potential loss of relevant evidence.

He further opined that the erection of a firewall "without first creating a forensics image of the computer hard drive, [would] almost certainly result in the loss of potentially relevant data." Instead, Coosawattee proposed that the server and hard drive be copied in their unaltered form and then filed under seal with the trial court, after which a firewall could be installed on the original server and hard drive. And also proposed that if "after [Coosawattee] conducts its searches on the Firewalled Files, [Coosawattee] believes it needs to conduct additional searches on the Unaltered Files, [it] will make a motion to the Court explaining the basis for conducting such a search."

The Blanton Law Firm filed a supplemental motion and brief in support of a protective order in which it maintained that Cooswattee had failed pursuant to OCGA

§ 9-11-34 (c) (1) to show "good cause" to support its discovery request upon a non-party, and that it would suffer an "undue burden" if the trial court permitted the search of the entire shared server. The Blanton Law Firm proposed in the alternative that the court appoint a neutral forensic computer specialist to erect a firewall segregating the data on the shared server, after which a special master would conduct an in-camera review of Agio's firewalled portion of the server.

Following a hearing, the trial court issued an order denying the motions for a protective order. It held that, notwithstanding the privilege issues:

> [T]he Court is perplexed that evidence may be destroyed by the installation of a firewall in the server in question which [Coosawattee] desire[s] to inspect. . . . In the case sub judice, the Court is concerned because [Aigo] . . . informed the Court that they plan to install a firewall that would likely destroy critical evidence to which [Coosawattee] is entitled to discover. The Court takes seriously its responsibility to preserve evidence. Considering this duty, the Court hereby orders the Defendants to make the server(s) and hard drive(s) in question available to be copied within 10 days of the entry of this order. The copy shall be delivered to the Court Reporter who will store the server in the Gilmer County Evidence Room. As such, Defendants' Motion for Protective Order is hereby DENIED.

In its Certificate of Immediate Review, the trial court noted that its order permitted Coosawattee to take a full image of the hard drive/server shared by the defendants and non- parties "for the preservation of said hard drive and/or server intact, as is, prior to the installation of any firewalls or other electronic manipulation thereof; and to be delivered to and held by the court reporter pending further instructions relating thereto." The court specifically stated that:

> The Court is granting this Certificate of Immediate Review as to the specific issue raised by a non-party (i.e. that the mere copying and preserving of the shared server hard drive) would violate the attorney-client privilege and subject an attorney to either professional and potentially civil liability is in fact correct or not, and if it is in fact correct, then what instruction or direction the appellate court can give to the trial court in this discovery dispute.

1. Agio first contends that the trial court erred in considering discussions about the installation of a firewall because the evidence was an inadmissible admission made with a view toward compromise under OCGA § 24-4-408 (b).[2] Even assuming that the nature of the discussions regarding the firewall could be characterized as an

_____

[2] "Evidence of conduct or statements made in compromise negotiations or mediation shall not be admissible," applies to offers related to the settlement of a claims. OCGA § 24-4-408 (b).

offer to compromise, the exclusion of offers to compromise "shall not require exclusion of evidence offered for another purpose." OCGA § 24-4-408 (c) ("Evidence of conduct or statements made in compromise negotiations or mediation shall not be admissible"). Here, the trial court did not consider the evidence as an admission, but as evidence that the installation of the firewall might result in corruption of the shared server. Further, we cannot find, nor does Agio provide, any authority for its proposition that the statute applies to discussions to settle discovery disputes, rather than to settle a stated claim.

However, we need not resolve this question because, contrary to Agio's contention that discussion of installing the firewall was only contained in correspondence between the parties, the firewall proposal was discussed openly and extensively at the hearing on the protective orders. In fact, much of the discussion at the hearing was centered around whether the firewall would result in the destruction of relevant evidence. This contention is therefore meritless.

2. Agio next contends that the trial court erred in denying its motion without requiring Coosawattee to show "good cause" as to why they needed to inspect the server pursuant to OCGA § 9-11-34 (c) (1). It further contends that granting unlimited access to the server was an abuse of discretion.

OCGA § 9-11-34 (c) (1) provides in pertinent part that if, after a nonparty or any party objects to a production request, and "the party desiring such discovery moves for an order . . . to compel discovery, he or she shall make a showing of good cause to support his or her motion." But, the discovery dispute at issue in this case was not the result of a motion to compel, and thus Coosawattee was not required to show good cause under OCGA § 9-11-34 (c) (1).

3. Agio and the Burton Law Firm both contend that the trial court abused its discretion in denying its motion for a protective order and authorizing the copying of the entire network server and hard drive. They argue that authorizing the copying of the entire server exceeds the scope of inspection authorized by OCGA § 9-11-34 (a). We agree.

The trial court ordered "the Defendants to make the server(s) and hard drive(s) in question available to be copied within 10 days of the entry of this order."[3] Pursuant to OCGA § 9-11-26 (b) (1), parties to a lawsuit "may obtain discovery regarding any

_____

[3] While the order was directed to the "defendants" rather than the Burton Law Firm, in its certificate granting immediate review, the trial court specifically directed that its order pertained to the server shared with the "Non-Parties," including the Burton Law Firm.

matter, not privileged, which is relevant to the subject matter involved in the pending action." OCGA § 9-11-34 (a) (1) permits any party to

> serve on any other party a request . . . [to] produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26 and which are in the possession, custody, or control of the party upon whom the request is served.

Further, OCGA § 9-11-34 (c) (1) establishes that the discovery of nonprivileged documents also applies to nonparties. However, OCGA § 9-11-34 (a) does not allow a requesting party unrestricted and direct access to a responding party's untranslated data. See *Norfolk Southern R. Co. v. Hartry*, 316 Ga. App. 532, 533 (729 SE2d 656) (2012). Rather, the statute provides that any untranslated data is to be extracted by the responding party and then translated by the responding party "through detection devices into reasonably usable form" before the data is given to the requesting party. Id.

11

In this case, Coosawettee's requests encompassed "[a]ll computer systems, back-up tapes and other sources of electronically stored data . . . including but not limited to the server." Coosawattee did not provide any information regarding what it sought to discover from the server. In *In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003)[4], the Eleventh Circuit Court of Appeals construed Federal Rule of Civil Procedure 34 (a) (1), which is identical to OCGA § 9-11-34 (a) (1), to hold that this rule

> does not grant unrestricted, direct access to a respondent's database compilations. Instead, Rule 34 (a) allows a requesting party to inspect and to copy the product - whether it be a document, disk, or other device - resulting from the respondent's translation of the [raw] data into a reasonably usable form.

Id. at 1316-1317.

Likewise, OCGA § 9-11-34 (a) "does not give the requesting party the right to conduct the actual search," *In re Ford Motor Co.*, 345 F.3d at 1317, and it is the responding party's duty to search his records to produce any required, relevant data.

_____

[4] Georgia courts have long considered federal court opinions construing identical Federal Rules of Civil Procedure persuasive authority for construing identical Georgia Civil Practice Act provisions. See *Ambler v. Archer*, 230 Ga. 281, 287 (1) (196 SE2d 858) (1973).

Allowing a requesting party direct access to the responding party's entire database may be warranted in certain limited situations, such as a showing of non-compliance with discovery rules, but the burden is on the requesting party to make such a showing. Id.

Here, the trial court's order, as clarified by the court's certificate of immediate review, improperly allowed Coosawattee or its agents to directly access and make a copy of the shared "server[] and hard drive(s)" when, under OCGA § 9-11-34 (a), Coosawattee had only the more limited right "to copy the product – whether it be a document, disk, or other device – resulting from [Agio's] translation of the [raw] data into a reasonably usable form." *In re Ford Motor Co.*, 345 F.3d at 1316-1317. In other words, under our discovery rules, Agio had the right in the first instance to access its hard driven and the shared server, copy the relevant raw data, and translate that data into a reasonably usable form that could then be copied by Coosawattee. After reviewing the translated data, if Coosawattee believed that it had not received the discovery it requested and that the discovery rules had been violated in some respect, it could then go to the trial court and attempt to make a specific showing that it needed direct access to the hard drive/server for copying and inspection. But that is not what occurred here, where the trial court short-circuited that process and

13

prematurely gave Coosawattee direct access to the entire hard drive/server for copying. By entering such a sweeping order at this stage of the litigation, the trial court abused its discretion.

4. We need not address the Burton Law Firm's remaining error regarding access to the law firm's privileged information.

*Judgment reversed. Boggs and Branch, JJ., concur*.