**SECOND DIVISION**
**ANDREW, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**http://www.gaappeals.us/rules**

**September 3, 2015**

# In the Court of Appeals of Georgia

A15A1422. EWING v. EWING.

MILLER, Judge.

This interlocutory appeal arises from a divorce case in which the husband filed a motion for a protective order seeking to prohibit or limit the wife's discovery requests with regard to private emails on the husband's iPhone.[1] The husband also filed a motion to quash the wife's subpoenas for the production of his iPhone records. The husband appeals from the denial of both motions, contending that (1) the trial court abused its discretion in denying his motion to limit the wife's use of the emails,

---

[1] The husband originally filed his appeal in the Georgia Supreme Court. After the case was transferred to this Court, we granted the husband's application for interlocutory review.

and (2) the trial court erred in denying his motion to quash the wife's subpoenas.[2] For the reasons that follow we affirm.

"[A] trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and we will not interfere with the exercise of that discretion absent clear abuse." (Footnote omitted) *American Radiosurgery, Inc. v. Rakes*, 325 Ga. App. 161, 166 (2) (751 SE2d 898) (2013).

So viewed, the record shows that the husband and wife were married in December 2004. On Christmas Eve 2013, the husband and wife were traveling with their children to Louisiana when the wife picked up the husband's iPhone[3] and tried to open his music play list. The wife inadvertently opened the husband's email application and saw a photo of a woman, C. M., with her head lying on the husband's chest. When she asked the husband about the picture, he told her that he and C. M. were at a work function.

---

[2] At the outset, we note that the husband failed to include an enumeration of error in his brief, as is required by Court of Appeals Rule 22 (a) and Rule 25 (a) (2). Accordingly, we address the husband's arguments to the extent that we are able to discern them from the notice of appeal and the record. See OCGA § 5-6-48 (f).

[3] Although the husband had an individual contract for the iPhone, the husband and wife used each other's phone "all of the time," and the wife would play games and take pictures with the husband's phone.

Early the next morning after the family had gone to bed, the wife retrieved the husband's iPhone, opened his email application and found another picture of C. M. who was wearing a swimsuit. The wife also found sexually explicit videos of C. M. which C. M. had sent to the husband by email.

The wife then woke her sister and asked the sister for help in forwarding the husband's emails. The wife's sister forwarded the husband's emails containing the pictures and videos of C. M. to the wife's email account.

An hour or so later, the wife used the husband's iPhone to text C. M. The wife asked C. M. in a text to "show me how much you miss me[.]" C. M. responded by sending a photo of herself laying down and blowing a kiss. The wife then sent C. M. a photo so that C. M. would know she was texting the wife. At that point, the husband came into the room, asked for his phone, and grabbed his stuff so he could leave.

The husband subsequently filed for a divorce, contending that the parties' marriage was irretrievably broken. The wife filed a counterclaim for divorce contending that, inter alia, the husband was guilty of adultery. During discovery, the wife subpoenaed C. M. for the purpose of taking her deposition, and the wife subpoenaed the husband's iPhone records from his wireless carrier. The wife also

served the husband with notice of her intent to take his deposition, as well as a request for production of documents.

The husband filed a motion for a protective order and objection to the wife's discovery requests. In his motion, the husband sought an order either prohibiting or limiting the wife's discovery with regard to information obtained from his phone without his knowledge or permission. Specifically, the husband sought an order prohibiting the wife from taking C. M.'s deposition and prohibiting any discussion during his deposition regarding the emails which the wife viewed on his phone.

The husband also filed a motion to quash the wife's subpoena for the production of his iPhone records. The trial court denied the husband's motions for a protective order and to quash the subpoena for his iPhone records, and this appeal ensued.

1. The husband contends that the trial court abused its discretion in denying his motion for a protective order. We discern no error.

When a party seeks a protective order with regard to discovery, the trial court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" OCGA § 9-11-26 (c). Protective orders, however,

4

should not be awarded when the effect is to frustrate and prevent legitimate discovery. Further, this Court has held that protective orders are intended to be protective – not prohibitive – and, until such time as the [trial] court is satisfied by substantial evidence that bad faith or harassment motivates the discoveror's action, the court should not intervene to limit or prohibit the scope of pretrial discovery.

(Punctuation and footnotes omitted.) *Galbreath v. Braley*, 318 Ga. App. 111, 113 (733 SE2d 412) (2012). The grant or denial of a motion for a protective order generally lies within the trial court's discretion and this Court will not reverse the trial court's ruling absent clear abuse. See *Agio Corp. v. Coosawattee River Resort Assn.*, 328 Ga. App. 642, 642-643 (760 SE2d 691) (2014).

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" (Punctuation omitted.) OCGA § 9-11-26 (b) (1). "[I]n the discovery context, courts should and ordinarily do interpret relevant very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." (Citation and punctuation omitted.) *Bowden v. Medical Center, Inc.*, __ Ga. __, *13 (2) (a) (Case No. S14G1632, decided June 15, 2015).

"It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Punctuation omitted.) OCGA § 9-11-26 (b) (1). Moreover, in divorce cases, such as this case, in which the equitable division of property is at issue, the conduct of the parties, including evidence of a spouse's alleged adultery, is relevant and admissible. See *Wood v. Wood*, 283 Ga. 8, 11 (5) (655 SE2d 611) (2008). Accordingly, the wife is entitled to engage in discovery which might lead to admissible evidence of the husband's alleged adultery. See OCGA § 9-11-26 (b) (1). Cf. *Smith v. Smith*, 293 Ga. 563, 566 (5) (748 SE2d 456) (2013) (trial court did not abuse its discretion in denying husband's motion for new trial based on newly discovered evidence of wife's adultery where husband had opportunity to engage in discovery concerning the possibility of alleged adultery and he chose not to).

The husband nevertheless argues that he is entitled to a protective order prohibiting the wife from asking questions about the emails, pictures and videos which the wife viewed on his iPhone and forwarded to others. In support of his argument, the husband relies on *Ransom v. Ransom*, 253 Ga. 656 (324 SE2d 437) (1985), which held that Georgia's wiretapping statute, OCGA § 16-11-62, protects

spouses from invasions upon their privacy, including the clandestine recording of a spouse's private telephone conversations. See id at 658 (1). *Ransom*, however, involved the issue of whether the recorded telephone conversations were admissible for impeachment purposes at the parties' divorce trial, not whether a spouse is entitled to ask questions during discovery which might lead to admissible evidence. See *Ransom*, 253 Ga. at 659 (3).[4]

Regardless of the admissibility or inadmissibility of the content of the husband's emails, including the photos and videos of C. M., the wife is entitled to engage in discovery which might lead to admissible evidence of the husband's alleged adultery. Consequently, the trial court did not abuse its discretion in denying the husband's motion for a protective order.

2. Without citing any authority, the husband argues that the trial court erred in denying his motion to quash the wife's subpoena for his iPhone records, because the subpoena is the fruit of the poisonous tree. We disagree.

As set forth above, matters which are relevant and not privileged are discoverable, regardless of whether the information sought will be admissible at trial.

[4] The husband also cites to *Middleton v. Middleton*, 259 Ga. 41 (376 SE2d 368) (1989), which held that tape-recordings made by the husband of the wife's lascivious conversations on a family telephone were inadmissible.

OCGA § 9-11-26 (b) (1). The husband does not argue that his iPhone records are not discoverable. Accordingly, the husband has not shown that the trial court erred in denying his motion to quash the subpoena for his iPhone records.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.