**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 6, 2018**

# In the Court of Appeals of Georgia

A18A1026. RTA STRATEGY, LLC et al. v. SILVER COMET
TERMINAL PARTNERS, LLC et al.

A18A1027. LAKE et al. v. SILVER COMET TERMINAL
PARTNERS, LLC et al.

RAY, Judge.

Both of these appeals concern whether non-parties to litigation may be compelled to provide information regarding the identities of members and contributors to The Committee to Protect Paulding County, Inc. ("CPPC"), which is a 501 (c) (4) social welfare organization formed to fight the addition of commercial passenger service at the Paulding County Airport. In Case No. A18A1026, *RTA Strategy, LLC and R. Thompson & Associates, LLC v. Silver Comet Terminal Partners, LLC*, the respective appellants argue that the trial court erred in denying a motion for a protective order seeking to prevent the depositions of RTA Strategy and

R. Thompson & Associates pursuant to OCGA § 9-11-30 (b) (6), as well as in denying their motion for reconsideration. In Case No. A18A1027, *Chip Lake and The Committee to Protect Paulding County v. Silver Comet Terminal Partners, LLC*, the respective appellants contend that the trial court erred in granting Silver Comet's motion to compel the disclosure of certain information at a deposition of CPPC, also pursuant to Rule 30 (b) (6), and in compelling a second deposition of its chief executive officer and director, Chip Lake.[1] The cases are consolidated for our review.

The appellee in both cases, Silver Comet Terminal Partners, LLC ("Silver Comet"), entered into a bond agreement with Paulding County Airport Authority (the "Airport Authority") on October 22, 2013, in which Silver Comet agreed to purchase bonds to expand the airport's taxiways to a size large enough to accommodate commercial flights. Many Paulding County citizens opposed the commercialization of the airport. CPPC was created to organize local opposition to the airport expansion. CPPC hired appellant Lake to coordinate the grassroots effort. CPPC also hired appellants RTA Strategy and R. Thompson & Associates as consultants.

---

[1] Related cases previously appeared before this Court in *Avery v. Paulding County Airport Auth.*, 343 Ga. App. 832 (808 SE2d 15) (2017).

2

In the county commission election following the decision to pursue commercializing of the airport, some commissioners who had supported commercialization of the airport were voted out of office and replaced with commissioners opposing commercialization. The newly elected commissioners passed Resolution 15-01, which had the practical effect of halting the commercialization effort.[2] Silver Comet argued that the value of its bond agreement decreased dramatically, as it had been positioned to profit from the commercialization of the airport. Accordingly, Silver Comet stopped making bond payments, and Paulding County sued.

The only remaining claims in the underlying litigation are Paulding County's claims for breach of contract stemming from Silver Comet's failure to make bond payments and its corresponding claim for attorney fees, and Paulding County's declaratory judgment claim against the Airport Authority. After Paulding County sued, Silver Comet raised defenses of failure of consideration and bad faith.

During the course of the underlying litigation, Silver Comet sought to discover, inter alia, why and how Paulding County passed Resolution 15-01 through

---

[2] This resolution renounced Paulding County's official support for commercial air transportation and for the application for certification from the Federal Aviation Administration.

depositions of RTA Strategy, R. Thompson & Associates, Lake, and CPPC. Specifically, Silver Comet was seeking to learn how Lake became chief executive officer of CPPC, how Thompson became treasurer or chief financial officer of CPPC, the identity of CPPC's members and contributors, and whether Delta Air Lines was a contributor to CPPC and therefore behind Resolution 15-01.

Silver Comet deposed Lake and Rick Thompson, whose company is R. Thompson & Associates doing business as RTA Strategy. During these depositions, both men were asked the identity of donors to CPPC. They refused to answer questions regarding members and contributors. Silver Comet also sought a 30 (b) (6) deposition of CPPC as to the same information.

Silver Comet moved to compel, and Lake at various points countered that the information Silver Comet sought was not relevant, was not likely to lead to the discovery of admissible evidence, and was privileged. RTA Strategy and R. Thompson & Associates moved for a protective order. The trial court granted Silver Comet's motion to compel and denied RTA Strategy and R. Thompson & Associates' motion for a protective order. It also denied the motions for reconsideration. The instant appeals followed.

4

In both Case Nos. A18A1026 and A18A1027, the appellants contend that the trial court erred in requiring disclosure of information that is not discoverable for reasons of relevance and privilege under OCGA § 9-11-26 (b) (1); in requiring disclosure of the identity of and contributors to a 501 (c) (4) organization, as these are protected under federal law and the First Amendment; and in finding that the crime-fraud exception applies, thus requiring disclosure of information otherwise protected by attorney-client privilege.

As a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion. *Lovell v. Ga. Trust Bank*, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012); See *Caldwell v. Church*, 341 Ga. App. 852, 861 (4) (802 SE2d 835) (2017) (trial court's decision to grant or deny a motion for a protective order is reviewed for abuse of discretion).

> Parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. . . . It is not grounds for objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis supplied). OCGA § 9-11-26 (b) (1). See generally *Sechler Family Partnership v. Prime Group, Inc.*, 255 Ga. App. 854, 857 (2) (567 SE2d 24) (2002) (discovery requested from nonparties must be relevant and nonprivileged). This Court has further interpreted "relevant" broadly, to mean "anything that is or may become an issue in the litigation." (Citation and punctuation omitted.) *Ewing v. Ewing*, 333 Ga. App. 766, 768 (1) (777 SE2d 56) (2015). See generally *Reece v. Selmonosky*, 179 Ga. App. 718, 718 (2) (347 SE2d 649) (1986) (upholding trial court's grant of motion for protective order where appellant argued that information sought was relevant to whether appellees knew or should have known of the risk of surgery to appellant, but appellant's interrogatories seeking names and addresses of patients upon whom appellees had performed surgery were not limited to surgeries which had presented problems).

As is outlined more fully below, we find that the information requested by Silver Comet is not relevant to the subject matter of the underlying dispute, nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Therefore, the trial court erred in granting the motion to compel and in denying the motion for a protective order and for denying reconsideration, and we reverse in Case Nos. A18A1026 and A18A1027.

6

1. Again, we note that the only remaining issues in the litigation are Paulding County's claims against Silver Comet for breach of contract and for attorney fees, and Paulding County's claim for declaratory judgment against the Paulding County Airport Authority. See generally *Avery*, supra at 838, n. 9, and 845-846 (3). Silver Comet argues that the information sought is crucial to its failure of consideration and bad faith defenses and, as such, is discoverable. We disagree.

In this vein, Silver Comet argues that

[b]ecause Resolution 15-01's purpose was to kill commercial passenger service at the Paulding Airport, the truth behind the creation of Resolution 15-01 lies at the heart of Silver Comet's failure of consideration defense to Paulding County's claim against Silver Comet for bond payments – bond payments for the runway expansion essential to commercial flights.

Silver Comet contends that the information at issue is subject to discovery because "there is ample evidence of the direct involvement of RTA Strategy and R. Thompson & Associates" with Lake and CPPC in the creation and promotion of Resolution 15-01; that Delta Air Lines secretly promoted and funded opposition to the airport expansion; and that Lake was acting as a lobbyist, without being registered as one, in his contacts with one of the commissioners. What Silver Comet fails to show or

7

even to argue, however, is how these issues are *relevant* to or *likely to lead to the discovery of admissible evidence* in regards to the remaining issues in the case.

To determine whether Silver Comet breached its contract with Paulding County when it failed to continue making bond payments, it is irrelevant which third parties, whether they are individuals or corporations, lawfully contributed to a 501(c) (4). Additionally, CPPC's membership and contributor lists have no bearing on Silver Comet's defenses. To successfully assert a failure of consideration defense, Silver Comet must show that the stated consideration in the contract has failed either in whole or in part. OCGA § 13-5-9. Accord *Jones v. Dixie O'Brien Div., O'Brien Corp.*, 174 Ga. App. 67, 68 (1) (329 SE2d 256) (1985). Silver Comet has not demonstrated how the identity of the members and contributors of CPPC would be relevant to this question. This is so even under the broad definition outlined in *Ewing*, supra.

Silver Comet, in its appellate briefs, mentions that learning whether Delta supported CPPC is relevant because it will demonstrate Paulding County's bad faith. Silver Comet alleges that this bad faith occurred when one of the commissioners introduced Resolution 15-01 "without disclosing its origins from Delta" and by "falsely representing" that it had been created by another commissioner. Silver Comet

8

makes no further argument on this point and does not provide a record citation to where it raised bad faith below, which could have allowed us to see the context of its argument. It is not the function of this Court to cull this voluminous record on behalf of any party. *Poole v. Estfan*, 206 Ga. App. 510, 511 (1) (426 SE2d 61) (1992).

Further, constituents of Paulding County elected commissioners who did not support the commercialization of a local airport, and those commissioners passed Resolution 15-01. A list of members and contributions to a 501 (c) (4) that supported Resolution 15-01 would not show *the county's* bad faith, nor does Silver Comet point us to any allegations that the passage of Resolution 15-01 was illegal. Paulding County commissioners have the right to pass any resolution within the realms of the law. See generally *Village of North Atlanta v. Cook*, 219 Ga. 316, 319-321 (1), (2) (133 SE2d 585) (1963) (describing the discretion of legislative bodies to pass or amend any proposed legislation and the policy reasoning behind protecting public officials from litigation regarding actions taken in their official capacity).

2. As the issues of relevance is decisive in determining whether the information Silver Comet seeks is discoverable, we need not address the applicability of the crime-fraud exception or the additional contentions of error raised by the appellants in both appeals.

We reverse.

*Judgment reversed. McFadden, P.J., and Reese, J., concur.*

9